## THE STATE OF KANSAS v. LOUIS TOFTE.

### No. 11134.

GRAND LARCENY —*conviction under information for, proper on proof of larceny from person.* An information filed under section 82 of the Crimes and Punishments Act, charging in general terms the larceny of money and property exceeding twenty dollars in value, will uphold a conviction based upon evidence showing a larceny from the person, as defined by section 81 of the act, of money and property of such excess value.

Appeal from Atchison District Court. W. T. Bland, Judge. Opinion filed November 5, 1898. *Affirmed.*

*L. C. Boyle,* Attorney General, and *Frank G. Crowell,* County Attorney, for the State.

*R. T. Andrews, A. F. Martin* and *Henry Elliston,* for appellant.

DOSTER, C. J. An information for grand larceny containing two counts was filed against Louis Tofte,

the appellant. The first count was drawn under section 82, chapter 100, General Statutes 1897, which reads as follows :

"Every person who shall be convicted of feloniously stealing, taking and carrying away any money, goods, rights in action, or other personal property or valuable thing whatsoever, of the value of twenty dollars or more, or any horse, mare, gelding, colt, filly, ass, mule, neat cattle, sheep or hog, belonging to another, shall be deemed guilty of grand larceny."

The second count was drawn under section 81 of the same chapter, which reads as follows :

"Whoever shall unlawfully pick the pockets of another, or unlawfully take from the person of another any personal property with intent to steal the same, shall upon conviction thereof be deemed guilty of felony, and be punished by imprisonment in the state penitentiary for any term not exceeding four years."

In this connection it is important to notice that by section 82 of the chapter in question the punishment for persons convicted of grand larceny is a term of imprisonment "not exceeding five years," and that the punishment for the offense defined by section 81 is a term of imprisonment "not exceeding four years." It is also important to notice that sections 82 and 83 have been upon the statute books since 1868, while section 81 is an addition to the Crimes and Punishments Act made in 1886.

Upon the trial, at the close of the evidence in chief for the State, the defendant moved the court to compel the county attorney to elect upon which count of the information he would rely for conviction. He elected to stand upon the first count. Up to that time the evidence had tended to show the defendant guilty of a larceny, as defined by section 81, from the person of the prosecuting witness, and had not tended to show him guilty of any other kind of larceny. None

of the evidence thereafter introduced tended to show him guilty of any other kind of larceny than from the person. By appropriate motions and requests for instructions the defendant raised the question whether he could be convicted under the information as it then stood, which was a charge of grand larceny generally, and not a charge of larceny from the person. The rulings of the court upon the question thus raised were adverse to him. He was found guilty and sentenced to imprisonment for three and a half years. From this sentence he appeals and alleges here as his sole claim of error the rulings of the court upon the question stated. Our judgment is that these rulings were correct.

At the common law larceny was divided into simple, and mixed or compound. Blackstone defines simple larceny as "the felonious taking and carrying away of the personal goods of another." Book 4, p. 229. Of mixed or compound larceny he says, "it has all the properties of the former [simple larceny] but is accompanied with either one or both of the aggravations of taking from one's house or person." Book 4, p. 239. It would therefore seem that compound larceny is not in character or general definition in anywise different from simple larceny. It is different only in the aggravated circumstance of being committed in a house or from a person. Of larceny from the house Blackstone says that although attaching to itself a higher degree of guilt than simple larceny, "yet it is not at all distinguished from the other at common law." Book 4, p. 239. Speaking of a Statute of Elizabeth, which defined larceny from the person and attached to it the consequences of death without the benefit of clergy, the author says, "the statute creates no new offense, but only prevents the person from praying the benefit of clergy."

Book 4, p. 242. If any views as to the nature of compound larceny and its inclusion within the general. definition of simple larceny different from those of Blackstone have ever been expressed by courts or text writers they have not been cited to us, nor are we aware of them. It follows therefore that the act of picking pockets or stealthily taking from the person, was an offense, under section 82, before the enactment in 1886 of section 81, by which it is particularly defined. Section 81 did nothing more than extend, as it were, the provisions of section 82 to cases of petty larceny from the person ; that is, it made the stealing from the person of property less than twenty dollars in value a felony which theretofore, by section 93, had been a misdemeanor only.

The purpose of statutes defining the offenses called by Blackstone mixed or compound larceny, is not to separate the interdicted acts from larceny generally, and to create of them offenses different from larceny generally, but the purpose is to attach to them consequences of guilt different from larcenies generally. Ordinarily the punishments for these specially defined acts are severer penalties, and, such is the case under section 81, as to those larcenies of small values from the person which would otherwise be mere misdemeanors. By a strange departure from the ordinary rule in such cases, the maximum punishment for larceny from the person is, by section 81, reduced to four years, rather than extended beyond the maximum of five years prescribed for the general offense by section 82. This however does not indicate a legislative intent to create larceny from the person into an offense different in definition, character and ingredients from larceny generally, as defined by section 82. It may have been thought in the legislative judgment, that the maximum punishment for offenses of the particular

kind should be reduced, rather than extended, or retained at the limit before fixed.

It is due to say, however, that the views herein expressed are apparently different from those of the Supreme Court of Georgia, which in the case of *King v. The State* (54 Ga. 184), held that one indicted for simple larceny, a felony, being the offense of stealing national currency notes, could not be convicted as of felony, but only of a misdemeanor, because the evidence showed that the theft committed was from the person, which, by other statutory provisions was made a misdemeanor only. The general line of reasoning of the court named would seem to be in opposition to that pursued by us, but considering the fact that by the Georgia code, larceny from the person was specially designated as a misdemeanor and excluded from the category of felonies, the two decisions are not necessarily at variance.

Inasmuch as the sentence in this case, although pronounced under section 82, does not exceed the maximum prescribed by section 81 for the commission of the acts proved, no question as to its validity has been, or in law could be raised.

The sentence of conviction will be upheld and affirmed.