### *E. M. WHITTEN v. STATE OF OHIO.

INDICTMENT FOR POCKET PICKING DOES NOT INCLUDE ASSAULT AND BATTERY.

An indictment charging the crime of pocket picking, where the property stolen is valued at $20, includes the offense of petit larceny; and a refusal of the court, upon request of the accused, to so instruct the jury, is prejudicial error. But an indictment for pocket picking does not include either assault and battery or assault

[Syllabus by the court.]

ERROR to Franklin common pleas court.

**M. B. Earnhart.** for plaintiff in error.
**W. E. King** and **R. H. Game,** for defendant in error.

ALLREAD, J.

Whitten, the plaintiff in error, was indicted and convicted of the crime of pocket picking. The property stolen was valued in the indictment and also in the verdict at $20.

Upon the trial, a special request was made by counsel for the accused, that the court charge the jury, that they might find the accused not guilty of the charge of pocket picking, but guilty of petit larceny.

A similar request as to a verdict of assault and assault and battery was made.

A motion for a new trial was overruled and sentence pronounced. A bill of exceptions was taken and error is now prosecuted here.

The only serious question involved in the record here is whether petit larceny and assault and battery and assault are included offenses in an indictment for pocket picking.

It is settled in this state that where lesser offenses are embraced in the indictment, a failure of the court upon request of the accused to charge upon the subject of the lesser and included offenses is prejudicial error. *Hanson* v. *State* 43 Ohio St. 376, 378 [1 N. E. Rep. 136] ; *Howard* v. *State,* 25 Ohio St. 399, 401.

The indictment contains a complete charge of larceny, and in addition a charge that the larceny was from the person of the owner. The larceny is the foundation of the charge, and the taking from the person the aggravation of the offense.

*Reversed, *State* v. *Whitten,* 82 O. S. 174.

Whitten v. State.

Numerous authorities are cited holding that burglary and larceny may be charged in one indictment, and if so charged, the conviction may be had of either or both.

Cases are also cited by counsel holding that an indictment for robbery includes larceny, and a conviction may be had for either.

No cases to the contrary have been cited by counsel upon these propositions.

There is no distinction, in our opinion, in principle, between the charge of pocket picking, and that of robbery and burglary and larceny in this respect.

The state must first prove the larceny and then the aggravation that it was taken from the person or building. If the state fail in proof of the aggravation it may still have conviction of the included offense of larceny.

4 Blackstone's Commentaries 240 styles larceny from the person or house as "mixed or compound larceny," and says that it "has all the properties of the former (simple larceny) but is accompanied with either one or both of aggravation of taking from one's house or person." And on page 242 adds "Larceny from the person is either by privately stealing, or by open and violent assault."

In *State* v. *Tofte*, 59 Kan. 755 [54 Pac. Rep. 1062, 1063], it was directly held that larceny is included in a charge of pocket picking. In the opinion, after quoting from Blackstone's Commentaries, it is said:

"It would therefore seem that compound larceny is not in character or general definition in any wise different from simple larceny. It is different only in the aggravated circumstance of being committed in a house or from a person."

In *Fanning* v. *State*, 80 Tenn. (12 Lea.) 651, it was decided that a verdict of simple larceny was proper under an indictment for stealing from the person, which is the equivalent of pocket picking under our statute. In the opinion, page 652, it is said:

"But larceny is necessarily included in the offense charged of stealing from the person. Without this offense of larceny there could be no offense charged in the statute against stealing from the person. It is the larceny which makes it an offense, and the circumstances of its being committed by taking from the person, aggravated it into a higher grade of offense."

In *State* v. *Eno*, 8 Minn. 220, it is laid down in the syllabus:

"Where the specification in an indictment alleges a larceny from the person, the defendant may be convicted of a simple larceny."

In the discussion of this question in the opinion, it is said:

Franklin County.

"It is contended that in an indictment for larceny from the person, the defendant must be acquitted if that particular offense is not made out. To this we cannot assent. Each of the several descriptions of larceny involves a simple larceny. The fact of its having been committed in a dwelling house or from the person merely goes in aggravation and increases the severity of the punishment. If the prosecution fails in establishing these circumstances, but proves the larceny substantially as charged, a conviction of the minor degree of the offense may be had."

Upon this proposition no cases have been cited by counsel or found by the court to the contrary.

In the case of *Brown* v. *State,* 25 O. C. C. 130 (2 N. S. 409), it was decided that pocket picking is included in a charge of robbery, basing both offenses upon larceny as the foundation. This case does not militate against, but supports, the conclusion that larceny is an included offense in both robbery and pocket picking.

It is urged that larceny should not be held an included offense because the maximum penalty is greater than in pocket picking. It may, however, be noted that in most cases of pocket picking the amount taken is small, falling within the grade of petit larceny. The offense of pocket picking was, therefore, prescribed as a higher grade to meet the cases ordinarily arising where small amounts are taken from the person. No other plausible reason can be given for its enactment.

We are not convinced, however, that the maximum penalty is the exclusive test as to included offenses. A more accurate test, and the one usually applied, is found in the essential ingredients or elements of the respective crimes. An indictment for murder contains as essential ingredients, malice and deliberation in addition to the unlawful killing. The elimination by failure of proof or otherwise of the distinctive essentials of the higher offenses reduces the grade until the appropriate included offense is reached.

The case of *Harris* v. *State,* 57 Ohio St. 92 [48 N. E. Rep. 284], does not conflict with the view that larceny is an included offense in a charge of pocket picking. The opinion concedes that larceny is involved in pocket picking and this is equivalent to saying that it is an included offense. The matter decided was that a finding of the value of the property taken need not be made to sustain a conviction of pocket picking. Pocket picking is not graded by the amount of property as in cases of larceny. The finding as to value is, therefore, not material as to the former offense, although it is as to the latter.

The court, therefore, held that the statute providing that in cases of "offenses against property by larceny" the verdict shall state the

value, etc., applies only to larceny and kindred offenses, classified "as offenses against property." This interpretation of the statutory phrase, "offenses against property by larceny," harmonizes the statutes and carries out the evident legislative intent of meeting all cases where value determines the grade or affects the punishment. In our opinion, it does not follow from the mere classification of pocket picking as a crime against the person, that the rule of the common law as to the terms employed, as well as the plain scope of the statute defining the offenses, is overthrown.

We are of opinion, however, that neither assault and battery, nor assault as criminal offenses are included in an indictment for pocket picking. Assault and battery and assault as criminal charges, imply an intent to employ some degree of force to the person, or inflict some physical injury, and must be accompanied by menaces or threats of personal injury. These elements are wanting in a charge of pocket picking. If force is used the charge would be robbery. In pocket picking the taking from the person does not necessarily imply that the property be separated from the person by force, nor that the actual person be invaded. The property may have been in the personal control and presence of the owner and taken by stealth, without injury to the person.

It is contended that in the indictment under consideration an assault is charged, and that although not necessary to the crime of pocket picking, yet having made the charge, it became thereby an included offense.

It is true that an assault is averred in the indictment, but one essential element to constitute the offense is lacking, to wit, that the assault be accompanied by threats or menaces; and this necessary feature is negatived by the averment that the act characterized as an assault was committed without force and violence and without menaces or putting the party in fear.

The only error in the record, prejudicial to the accused, is, therefore, the refusal of the court to instruct as to the included offense of petit larceny.

The judgment and conviction is, therefore, reversed upon the ground stated and the cause remanded for a new trial.

**Sullivan** and **Dustin, JJ.,** concur.