BROWNING-KING & COMPANY, Plaintiff, *v.* JAMES C. DAVIS, Director-General of Railroads, as Agent, etc., Defendant.

Supreme Court, New York County, April, 1923.

**Carriers — non-delivery of freight — claim for loss must be filed — provision to that effect in bill of lading cannot be waived by the carrier.**

A provision in a bill of lading in respect to the time within which a claim for loss because of the non-delivery of a shipment of merchandise should be made, cannot be waived by the carrier.

A case of merchandise delivered by plaintiff to a railway carrier at New York city on August 10, 1918, was lost in transit. The bill of lading provided in effect that in the event of the carrier's failure to make delivery the shipper's claim for loss must be made in writing within six months after a reasonable time for delivery had elapsed. In an action against the director-general of railroads to recover damages for a breach of the contract for shipment, it was conceded that September 3, 1918, was a reasonable time within which to make delivery. In the two months following the shipment plaintiff by letters gave notice to the carrier's freight agent at New York of the non-delivery of the missing case and requested that it be traced. The receipt of these letters was acknowledged and plaintiff informed that the work of tracing had been undertaken and that later it would be informed as to results. Between October 7, 1918, and September 2, 1919, plaintiff made no inquiry of the carrier as to the missing case. *Held*, that said letters did not constitute a written notice of claim within the requirements of the bill of lading and that defendant was entitled to judgment.

ACTION for damages for breach of contract for shipment of freight.

*Louis S. Posner* (*Murray L. Jacobs* and *Copal Mintz,* of counsel), for plaintiff.

*Herbert W. Smith,* for defendant.

O'MALLEY, J. This action is brought to recover damages for a breach of contract for the shipment of freight. Upon the trial

a jury was waived and the case submitted to the court for decision. It appears that one of two cases of merchandise delivered by the plaintiff to the Lehigh Valley railroad at New York city on August 10, 1918, was lost in transit. The other reached its destination at Omaha, Neb., on September 3, 1918. The bill of lading contained a provision to the effect that in the event of the carrier's failure to make delivery claim for loss by the shipper must be made in writing within six months after a reasonable time for delivery had elapsed. It is conceded for the purpose of the action that September third was a reasonable time within which to make delivery, and that the plaintiff, therefore, was required to make its claim within six months thereafter.

In the months of September and October following the shipment, the plaintiff gave written notice to the carrier's freight agent at New York city of the non-delivery of the missing case and requested that it be traced. These letters were received and acknowledged, and the plaintiff was informed that the work of tracing had been undertaken, and that it would later be informed as to results. No further action by the plaintiff was taken within the six months period, and the chief question presented is whether these letters which requested tracement of the shipment constitute a written notice of claim within the requirements of the bill of lading.

The precise question presented seems not to have been decided in this state, and in jurisdictions where it has been considered different conclusions have been reached. In New Jersey it has been held that such request to trace a lost shipment is a substantial compliance with the provision requiring written notice of claim. *Hyatt Roller Bearing Co.* v. *Penn. R. R. Co.,* 92 N. J. L. 94. On the other hand, it has been held that while the notice need not be in any particular form it must possess the characteristics of a demand for compensation or amount to a notice of intention to claim compensation for loss suffered. *Bronstein* v. *Payne,* 113 Atl. Rep. 648; *St. Louis, I. Mt. & So. Ry. Co.* v. *Starbird,* 243 U. S. 592, 605; *Parker Co.* v. *D., L. & W. R. R. Co.,* 49 Penn. C. C. 422. I am of the opinion that the authorities last cited should be followed. Request that the shipment be traced does not necessarily imply that it has been lost beyond hope of recovery, and that a claim for loss will be made. It may very well result that after the work of tracing has been undertaken the shipment may thereafter reach the consignee without the knowledge of the carrier, and without further notice to it from the shipper.

Between October 7, 1918, and September 2, 1919, the plaintiff made no further inquiry of the carrier. Under the circumstances the latter might well assume that the lost shipment had arrived

and that no claim for loss was to be made. The provision for written notice of claim is primarily for the protection of the carrier to enable it to properly investigate the loss at a time when information is readily available, and, as pointed out in the case of *St. Louis, I. Mt. & So. Ry. Co.* v. *Starbird, supra,* a request to trace addressed merely to the local freight agent is not as likely to result in so thorough an investigation as when the notice demands compensation, or gives notice of intention to make a claim for loss suffered, in which case the matter would, in the usual course, be brought to the department of the carrier charged with the duty of investigating claims.

I am of the opinion that the provision of the bill of lading in respect to the time in which the claim should be made could not be waived by the carrier. *Georgia, Fla. & Ala. Ry.* v. *Blish Co.,* 241 U. S. 190; *Missouri, Kan. & Tex. Ry. Co.* v. *Ward,* 244 id. 383; *Texas & Pac. Ry. Co.* v. *Leatherwood,* 250 id. 478. The case of *Cheney Piano Action Co.* v. *N. Y. C. & H. R. R. R. Co.,* 166 App. Div. 706, appears to have been decided before the decisions of the Supreme Court above cited. Judgment for the defendant.

Judgment accordingly.