BOND STORES, INC., Plaintiff, *v.* OVERLAND PACKAGE FREIGHT SERVICE, INC., Defendant.

Municipal Court of New York, Borough of Manhattan, First District, May 15, 1939.

*MacFarland, Taylor & Costello* [*William M. Sheffeld* of counsel], for the plaintiff.

*Ralph J. Leibenderfer* [*Alfonse F. Spiegel* of counsel], for the defendant.

McNULTY, J.   This action has been submitted to the court for determination upon an agreed statement of facts.   It involves a determination as to whether or not the communications from the plaintiff to the defendant constitute a claim within the provisions of the " Uniform Bill of Lading " prescribed and approved by the Interstate Commerce Commission.

The facts are that on May 27, 1936, the consignor delivered to the defendant approximately forty-two cartons of men's clothing for shipment from New Brunswick, N. J., to various parts of the country; one carton in particular, numbered 604, contained eleven suits and was addressed to " Bond Stores, Inc., 6339 S. Halsted Street, Chicago, Illinois."   The defendant signed a bill of lading,

for the various cartons, including the one above specified, acknowledging their receipt for shipment. This carton, 604, has never been received by the plaintiff, Bond Stores, Inc., at Chicago or elsewhere. Indications from the evidence are that this carton was stolen from the defendant's truck in Chicago. Thereafter, on June fifteenth, a letter was written by one Mae Millenbach on behalf of the plaintiff to the defendant at its New York address. This letter sets forth that that shipment was made on May twenty-sixth, covered by invoice No. 604, to the Bond Stores at Chicago, and had been received by the consignee with a shortage. It also goes on to state, "We are this day filing claim for same and would thank you to please acknowledge receipt of this letter." On June eighteenth the defendant, by its claim agent, one J. A. Corby, addressed a letter to the plaintiff acknowledging receipt of plaintiff's letter of June fifteenth. In the course of this letter the defendant states, "We will be pleased to entertain your claim upon receipt of proper supporting documents." Plaintiff alleges that thereafter, on December 17, 1936, a further letter was written, addressed and mailed to the defendant. The defendant denies receipt of this letter. However, under the stipulated facts, this document would be properly admissible in evidence before the court, although it is not essential that it be considered in deciding the matter. Thereafter, on February 25, 1937, a further communication was sent by the plaintiff to the defendant. In the course of this letter they refer to prior communications and the fact that a shipment was made from New Brunswick on May twenty-sixth and the further fact that it was not received by the plaintiff at the designated address in Chicago. This is the first time that non-delivery of the merchandise is set forth, although it is conceded that this letter was mailed and received within the time limit specified in the "Uniform Bill of Lading." Defendant acknowledged receipt of this letter on March fourth. Thereafter the matter was referred by the plaintiff to a claim adjuster on April second and a letter was sent by the claim adjuster to Mr. J. A. Corby, the claim agent of the defendant. Inclosed with that letter were various documents supporting what therein is referred to as "the above captioned claim." On May twenty-fourth defendant responded to that letter declining to consider the claim because the same had not been received until after the nine-month period set forth in the "Uniform Bill of Lading" had expired.

It is conceded that had the plaintiff not filed a claim on or before March first it cannot succeed in this matter. Therefore, the letter of April second cannot be considered in the determination of this question.

Although there have been numerous cases dealing with this subject, neither counsel nor the court have been able to find any case which sets forth with any degree of preciseness just what the essential elements of the claim are. Since this is an interstate shipment, Federal law is binding on this question. The law with respect to claims has been set forth in the cases of *Georgia, etc., R. Co.* v. *Blish Milling Co.* (241 U. S. 190); *Anchor Line* v. *Jackson* (9 F. [2d] 543; *Browning-King & Co.* v. *Davis* (120 Misc. 520), and *Dworsky* v. *Pennsylvania R. R. Co.* (160 id. 360). It would appear that in order to constitute a claim the transfer agency should be advised by the consignor or the consignee that, *first,* a loss has occurred; *second,* the nature of the loss: *third,* the nature of the shipment involved; *fourth,* the approximate date of the shipment and its point of origin and destination, and, finally, that the parties to the shipment expect restitution or reimbursement. Concededly there is no requirement that any precise language be followed or that any detailed specifications be filed. If the above items are set forth clearly, although generally, the transfer agent has sufficient information at its command to enable it to make all proper investigations to protect its interests and to minimize, in so far as is possible, its own loss.

Considering plaintiff's letters of June 15, 1936, and February 25, 1937, in the light of the specifications hereinbefore set forth and in the light of past determinations of various courts, it would appear that these letters are sufficient to constitute the filing of a claim on the part of this plaintiff. In the letter of June fifteenth they state the approximate date of the shipment, its point of origin, its point of destination, and refer to the invoice which in turn would give knowledge to the transfer agent as to the nature of the shipment. It is true that they failed to state accurately the nature of the loss, that is, they set forth a shortage, when it was subsequently determined that non-delivery, not a shortage, was involved. In concluding this letter they state, " We are this day filing claim for the same." In response to this letter, the defendant, answering by its *claim agent,* states that they would be pleased to entertain a claim and request supporting documents. There is, of course, no requirement under the law that any supporting documents be filed within the nine-month time limit established by the " Uniform Bill of Lading " in order to perfect a claim. The reading of these two letters together would seem to indicate not only did the plaintiff indicate that it intended to file a claim by its letter of June fifteenth but that the defendant, by its letter of June eighteenth, clearly understood the implications of the letter it received and acknowledged the claim through its claim agent. At that time the defendant

merely requested documents to support its claim, and, as hereinbefore noted, such documents are not required to permit the plaintiff to prevail in this action  Leaving aside the letter of December seventeenth, which the defendant denies receipt of, we find that more than eight months later the plaintiff again writes the defendant on February 25, 1937, and this time sets forth the prior letters sent, the date of the shipment, the point of origin, the point of destination of the shipment and the nature of the loss. This letter, it is true, does not use the word " claim " and does not refer to the nature of the shipment.  Standing alone, of course, it would be insufficient to constitute a claim.  However, it does give notice, long after the event, that the plaintiff has not abandoned the subject.  While nowhere in the correspondence does the plaintiff set forth the kind of merchandise contained in the carton, the quantity thereof or the value which they attribute to the contents of this carton, there seems to be no requirement in law that they do so within the nine-month limitation in order to establish a claim. The defendant insisted, in its letter of June eighteenth, on supporting documents, but the plaintiff's failure to comply with this request does not in law violate its claim.

It is the opinion of this court that the letters of June 15, 1936, and February 25, 1937, constitute a claim made by the plaintiff on the defendant sufficient in scope to comply with the requirements of the " Uniform Bill of Lading."  By these letters defendant had notice of all the necessary factors that would enable it to take such action. as it saw fit to protect its rights.  In addition, the letter of June fifteenth clearly indicates that the plaintiff is making a claim, and the defendant's reply of June eighteenth clearly indicates that it so construed the plaintiff's action.  The argument that the final paragraph in the letter of June fifteenth indicates that the plaintiff intended in some other communication on that date to file a claim is nullified by the defendant's reception of the letter. This letter is in nowise a request to the defendant to trace the shipment or to take any other action with respect to the shipment. Read in its clear and simple import, it says to the defendant the delivery is in error and we are making claim for this reason.

Accordingly, judgment is rendered for the plaintiff in the sum of $165, with interest.  The execution of said judgment is to be stayed for five days.