No. 36,611

THE STATE OF KANSAS, *Appellee*, v. JACOB WHALEN, *Appellant*.

(179 P. 2d 942)

LaRue E. Goodrich, judge. Opinion filed May 3, 1947.

*Elisha Scott*, of Topeka, argued the cause for the appellant.

*John B. Markham*, of Parsons, and *Willis K. Dillenberger*, of Oswego, argued the cause, and *Edward F. Arn*, attorney general, was with them on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: The defendant was charged with grand larceny (G. S. 1935, 21-533). At the close of a spirited trial a jury found him guilty of that offense. Later, his motion for new trial having been denied, he perfected this appeal.

Appellant first contends the verdict is not sustained by the evidence and is contrary to law. There is, however, no occasion for a full recital of the facts disclosed by the record. Appellant did not take the witness stand and offered no evidence on his own behalf. The complaining witness testified that on November 3, 1945, while standing in a large crowd at the Missouri, Kansas & Texas Railway celebration at Parsons he felt some one fooling around with his hip pocket. He looked back over his shoulder and observed his pocketbook, which contained $37.13 and had been in his left hip pocket, in appellant's right hand. Appellant attempted to pass the witness but when seized by the latter dropped the pocketbook to the ground. Standing alone, the evidence just related sustains the verdict. The rule often stated and recently reiterated in *State v. Jeffers*, 161 Kan. 769, 173 P. 2d 245, is that where there is any sub-

stantial competent testimony to support a verdict it will not be disturbed on the ground of insufficiency of the evidence. Long ago, in *State v. Tofte,* 59 Kan. 753, 54 Pac. 1062, we decided that proof of larceny from the person will support a conviction in a prosecution instituted under the provisions of what is now G. S. 1935, 21-533, notwithstanding another provision of the statute, now G. S. 1935, 21-2422, making it a felony to unlawfully pick the pocket of another or take personal property from his person.

It is also contended that the trial court erred in that it received a communication from the jury through the bailiff and sent a message back by him to the jury in the defendant's absence. We need not labor the facts on this point. Appellant claims the court advised the bailiff and it in turn advised the jury that it must find the defendant guilty of grand larceny or nothing. The trouble is there is no evidence to sustain the claim as made. Unquestionably the jury did make some inquiry about the difference between grand and petty larceny but the record reveals, beyond peradventure of a doubt, the court sent back word that question would have to be determined from the evidence and the instructions. The answer made to the inquiry cannot by any process of reasoning be regarded as an independent statement of law and was entirely proper under our decisions construing the statute requiring a written charge in criminal cases.

In the early case of *State v. Potter,* 15 Kan. 302, cited and approved in *State v. Howland,* 157 Kan. 11, 14, 138 P. 2d 424, we held:

"The statute requiring a written charge to the jury in criminal offenses is imperative, and the failure to comply with it is an error compelling a reversal.

. . . . . . . . . . . .

"The mere fact that an oral communication has passed from the court to the jury is not of itself proof that the statute has been disregarded. But the court may properly make oral statements to the jury in reference to the form of the verdict, the manner in which the trial has been conducted, the behavior of the jury or counsel or parties, or any other oral statement which is not fairly and strictly a direction or instruction upon some question or rule of law involved in or applicable to the trial, or a comment upon the evidence.

. . . . . . . . . . . .

"Where a juror propounds a question to the court, it may make a direct answer, without reducing the same to writing, provided in so doing it does not make an independent statement of a rule of law. In other words, where the question of the juror is the full statement of the rule, and the answer is no more than an affirmation or denial, such affirmation or denial need not be reduced to writing before it is given." (Syl. ¶¶ 5, 8, 9.)

Another error charged and strenuously argued is that the trial court admitted in evidence illegal and prejudicial testimony as to previous arrests of defendant. This claim relates to the testimony of one Lester Baxter, a special agent for the Missouri, Kansas & Texas Railway Company, who arrested the appellant at the instance of the complaining witness. In the course of his examination Mr. Baxter had stated that appellant gave his name as John Doe when interrogated by him on the date of his arrest. He was then asked how he knew appellant's name was not John Doe. His answer to the question was: "Because he had stated a different name at police headquarters in Kansas City." Counsel objected to the answer and now complains because the court permitted it to stand. We fail to see where it tended to prove any issue in the case. For that reason it was immaterial and might well have been stricken. However, failure to sustain the objection does not in our opinion warrant the granting of a new trial. The statute (G. S. 1935, 62-1718) directs us to disregard technical errors or defects not prejudicial to the substantial rights of the parties. In compliance with its terms judgments have been affirmed in spite of technical errors so frequently that citations of authority are hardly necessary. (See Hatcher's Kansas Digest, Criminal Law, § 439.) As recently as *State v. Collins,* 162 Kan. 34, 174 P. 2d 126, we held:

"Every error does not necessarily affect the substantial rights of a party and on appeal, under the directions of G. S. 1935, 62-1718, the supreme court of this state must give judgment without respect to technical errors or defects, or to exceptions which do not affect substantial rights of the parties." (Syl. ¶ 5.)

Appellant's contention might be entitled to serious consideration if the evidence about which he complains affected the verdict. Unfortunately for him, we find nothing in the record indicating it had that result. As a matter of fact, members of the jury, who were subpoenaed, appeared and testified at the hearing of the motion for a new trial, were not interrogated on the point and nowhere in their testimony is there a suggestion or inference that such evidence was even considered by any one of them in reaching the verdict. In that situation we cannot assume appellant's substantial rights were affected. To do so would violate the plain mandate of the statute.

There are numerous other errors assigned by appellant as grounds for reversal of the judgment but it will not be necessary or

proper to mention or discuss them in this opinion. Some have no support in the record while others are neither argued nor briefed.

The judgment is affirmed.

HOCH, J., not participating.