No. 37,171

E. L. RICKEL, *Appellee*, v. THE CHICAGO, BURLINGTON & QUINCY RAILROAD COMPANY, *Appellant*.

(196 P. 2d 243)

Opinion filed July 10, 1948.

*Robert B. Langworthy,* of Kansas City, Mo., argued the cause, and *J. E. Schroeder,* of Kansas City, *J. A. Lydick,* of St. Joseph, Mo., *H. M. Langworthy,* and *Clyde J. Linde,* both of Kansas City, Mo., were with him on the briefs for the appellant.

*Grant W. Harrington,* of Kansas City, argued the cause, and *W. K. Ward,* of Kansas City, was with him on the briefs for the appellee.

The opinion of the court was delivered by

COWAN, J.: This suit involves nine claims for loss on wheat in transit on shipments from Rushville, Mo., over the defendant railroad. Recovery was had on each of the nine counts in the court below in the following amounts:

| | |
|---|---:|
| On count 1 | $139.71 |
| On count 2 | 288.06 |
| On count 3 | 224.40 |
| On count 4 | 253.33 |
| On count 5 | 43.23 |
| On count 6 | 30.07 |
| On count 7 | 452.84 |
| On count 8 | 204.02 |
| On count 9 | 71.98 |
| Total | $1,707.64 |

The cause was tried to the court without a jury. The defendant filed a motion for a new trial, which was overruled, and thereafter appealed.

The plaintiff operated an elevator in Rushville, Mo. There were no scales in operation at this elevator. Cars were weighed at destination by the official bureaus of various states with one exception which is not material in the view which we take of the case. All transactions were interstate except that involved in the eighth count. It is admitted by the railroad that the cars covered by counts 5 and 7 were "leakers." The scales at the Rushville elevator were out of order during the period in controversy. According to the plaintiff's evidence, the loading weights were determined by marking the point in the car to which it was filled, leveling off the grain to such point and computing the cubical content. This result was reduced to bushels by applying a formula called the "Grain Loading Guide" put out by the American Association of Railroads, of which defendant is a member. The result so obtained was corrected by applying the grade and test weight as found at destina-

tion. The plaintiff, who was the seller and shipper, made all settlements with the purchasers on destination weights which were, with the single exception noted, weights certified by the state bureau of grain inspection. Each of the bills of lading under which these nine cars moved contained a provision authorized by the Carmack amendment providing, in substance, that as a condition precedent to recovery, claim must be filed, in writing, with the receiving or delivering carrier, within nine months after delivery of the property. A general claim was filed by plaintiff with defendant within the nine-month period but such claim was very general in its character, did not specify the loss claimed as against each carload shipment and was otherwise so indefinite that the railroad could not investigate the claim. Such a claim is insufficient. (*Bond Stores v. Overland Package Freight Service,* 13 N. Y. S. 2d 928, 171 Misc. 135; *Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co.,* 65 Fed. Supp. 293, and cases therein cited.) No specific claims were filed as to counts 1 to 4, inclusive, within the nine-month period. A specific claim was filed as to count 5, which, within the rules and decisions of this court as to computation of time, was filed within the nine-month period. As to counts 6 to 9, inclusive, it is admitted by the defendant that specific claims were filed within the nine-month period. These shipments were controlled by the provisions of the bills of lading above noted, authorized by the Carmack amendment. It is claimed by the plaintiff that the railroad waived this limitation by its conduct. This court has heretofore determined that the provision in question cannot be waived by the railroad company. (*Abell v. Railway Co.,* 100 Kan. 238, 164 Pac. 269; *Easdale v. Railway Co.,* 100 Kan. 305, 164 Pac. 164.) It follows that the judgments of the district court on the first four counts were erroneous.

The railroad further contends that the method of computing the weights at point of shipment was so inaccurate as to make the weights speculative and a matter of conjecture. The defendant railroad claims the grain-loading guide was not accurate in that it included in each computation of bushels, cars having an inside measurement varying six inches. For instance, the computation for cars 40 feet in length and for cars 40 feet, 6 inches in length was the same. This was a matter of mathematics and if the defendant was dissatisfied it could have offered correct computations. The defendant had means within its power to make an accurate

computation if it claimed plaintiff's was inaccurate, and upon its failure so to do, it is not in a position to complain of the action of the trial court. (*Trust Co. v. Allen,* 110 Kan. 484, 204 Pac. 747; *Interstate Circuit v. United States,* 306 U. S. 208, 83 L. Ed. 610.) Moreover, the witnesses who testified for the plaintiff as to the accuracy of the method of computation were men experienced in the grain business. The weight to be given the testimony of experts is largely a matter for the trial court. It cannot be said that determination of weights by cubical content calculation is a matter of speculation. The plaintiff's testimony showed that the wheat was leveled off in the cars after loading. Defendant introduced evidence to show this was improbable but the question of the credibility of the witnesses is for the trial court who resolved the matter in favor of the plaintiff, and such determination is controlling here.

Another complaint of the railroad is that the plaintiff did not prove that he was the owner of the grain that was claimed to be lost. The plaintiff did show that he made settlement with the purchasers on destination weights and, therefore, if there was any loss in transit he suffered it. Plaintiff was the owner at the point of shipment and, so far as the record shows, continued to be the owner to point of delivery.

We note another contention of the railroad, namely, that there was no proper identification of the certificates of weights at destination. The destination weights of counts 5, 6, 7 and 9 were made by the Kansas state grain inspection department, and the weight involved in count 8 was made by the grain warehouse department of the state of Missouri. Witnesses for the plaintiff identified these certificates. The evidence discloses that these certificates were accepted by both the seller and the purchaser of the grain in question in making their settlements. Quibbles over admissibility of documentary evidence are not to be encouraged. These certificates were issued by bureaus created by the legislature, were certificates ordinarily accepted by men engaged in the grain trade and are customarily relied upon by such persons, as was done in this case. They were made in the usual course of business. We think such identification made the instruments in question admissible. The defendant does not contend that they were inaccurate in any way. The admissibility of and the weight to be given such evidence were matters for the trial court to determine. (*Baird v. Shaffer,* 101 Kan. 585, 168 Pac. 836.) It accepted the evidence and entered judgments

for the plaintiff. Moreover, there has been no showing of prejudice by the defendant in the admission of the evidence complained of . and, in the absence of such a showing, the error, if any, should be disregarded. (*State v. Whalen*, 163 Kan. 8, 179 P. 2d 942.) The judgments of the district court as to counts 5 to 9, inclusive, were correct.

The judgments on counts 5 to 9, inclusive, are affirmed, and the judgments on counts 1 to 4, inclusive, are reversed, with directions to enter judgment for the defendant.