Robert V. Sabatini, J.
The only issue raised by the defendant
is whether the plaintiff filed a proper claim within the nine months from the date of shipment or within nine months after a reasonable time for delivery has elapsed as required by the stipulation on the bill of-lading. If such a claim was not filed, plaintiff’s right of recovery would have to be denied.
*361 Defendant argues that the correspondence from plaintiff’s attorney received by the defendant within the nine months’ period was not a proper claim since the letters did not indicate defendant had ever received the shipment in question.
Plaintiff’s letters did constitute a proper claim as they advised defendant of the nature of the shipment involved via an enclosed invoice and of the approximate date of the shipment and its point of origin and final destination by reciting these details in the letters of November 15 and December 1, 1965 and by enclosing the bill of lading with Akers’ name on it. (See Bond Stores v. Overland Package Frgt. Serv., 171 Misc. 135.) Such written claim need not include detailed specifications or documents in any particular form (Dillon v. Goldstein, 129 Col. 233).
The purpose -of a written notice of claim is to afford the carrier an opportunity to determine the merits of the claim and to make reasonable investigation. Defendant by its own admissions in its affidavit and in its reply letter dated January 17, 1966 indicated that it had notice of the necessary facts from plaintiff’s correspondence to enable them to make a timely investigation, and that in fact they did investigate.
Moreover, defendant’s letter of January 17, 1966 shows that, from the information plaintiff sent, they knew Peuer Transportation Co. was the initial pickup carrier. The only thing they were unsure of was whether Feuer had delivered the goods to them. This last fact was their responsibility to investigate and in no way affected the propriety of plaintiff’s notice of claim.
Therefore, plaintiff’s motion is granted to the extent of directing an assessment on August 29, 1967 at Trial Term, Part I, or any other part to which the case may be assigned therefrom on that date. Judgment shall then be entered in favor of the plaintiff and against the defendant for the amount found upon the assessment.
Defendant’s request for summary judgment is denied.