493 P.2d 924

**PLYMOUTH VAN LINES, INC., Appellant,**
v.
**Ray CHARLSON and Helen Charlson, husband and wife, Appellees.**
**No. 2 CA–CIV 1014.**

Court of Appeals of Arizona, Division 2.
Feb. 10, 1972.

Mesch, Marquez & Rothschild, by Tom R. Clark, Tucson, for appellant.

Russo, Cox & Dickerson, P. C., by Jerold A. Cartin, Tucson, for appellees.

HATHAWAY, Judge.

Ray and Helen Charlson brought suit against Plymouth Van Lines, Inc., an interstate mover, alleging that the mover had negligently transported their property from Pennsylvania to Tucson causing loss of and damage to their property. The defendant answered, denying any negligence and denying the goods were lost or damaged. The matter was tried to the court and resulted in a judgment in favor of defendant. The plaintiffs moved for a new trial. The trial judge ordered that in the alternative a new trial be granted or at the option of defendant, the plaintiffs have judgment of $400 and taxable costs.

Defendant appeals from this order. The moving contract between the parties provided:

"SECTION 6. As a condition precedent to recovery, a claim for any loss or damage, injury or delay, must be filed in writing with carrier within nine (9) months after delivery to consignee as shown on face hereof, or in case of failure to make delivery, then within nine (9) months after a reasonable time for delivery has elapsed; and suit must be instituted against carrier within two (2) years and one (1) day from the date when notice in writing is given by carrier to the claimant that carrier has disallowed the claim or any part or parts thereof specified in the notice. Where a claim is not filed or suit is not instituted thereon in accordance with the foregoing provisions, carrier shall not be liable and such a claim will not be paid."

This provision has apparently been uniformly incorporated by the carriers into standard bills of lading, as is observed in a comprehensive law review article on the subject, 17 Clev.-Mar.L.Rev. (2) 251, 260.

At trial, Ray Charlson testified that he did not recall whether a written claim was submitted to the mover pursuant to the contract. Appellees concede that the only other evidence on the matter is correspondence from appellant to appellees referring to the matter. Appellees contend that these exhibits show that a "claim" was made to and accepted by the company. The letters disclose that the appellees had contacted the appellant concerning their complaint and the company upon making its investigation agreed to pay a nominal sum. The purpose for requiring that a claim be presented is to inform the carrier so that it may take all necessary steps to protect itself. Bond Stores v. Overland Package Freight Service, 171 Misc. 135, 13 N.Y.S.2d 928 (1939). In a letter dated May 28, 1969, appellant indicated that it was unable to process investigation or settlement until a written claim was submitted and referred claimant to forms previously sent, requesting that they be filled out and returned. In exhibit 1A, a letter from appellant dated July 7, 1969, over signature of its claims manager, the appellant stated:

"We have completed investigation of your *claim* relative to the transportation of your shipment of household goods from Pittsburgh, Pennsylvania to Tucson, Arizona thus determined our liability as follows:

Mr. Howell, the driver, states that at time of delivery there was a section of your bathroom shelf broken, however, could be repaired for a maximum of $7.00. Therefore, liability is accepted for this article and are enclosing our re-

lease for this amount for your signature and will issue our check in your favor upon receipt of properly executed form.

We must respectfully decline responsibility for balance of your *claim* as these items were accepted by you at destination in the same condition as listed on our inventory at origin, without any notation to the loss or damage which might have occurred. Also our driver states these articles were delivered in good order in same condition as origin at time of delivery, consequently, our records fail to indicate negligence on part of the carrier." [Emphasis added].

The letter acknowledged the claim and that an investigation was made thereon. It would appear that an acceptable claim had been received by the appellant. In any event, a claim was sent serving the intended purpose of informing the carrier so that the investigation, which was accomplished, could be made. In response to the claim, the nominal offer of payment was made. The form that the claim takes is immaterial. Georgia, Florida & Alabama R. R. Co. v. Blish Milling Co., 241 U.S. 190, 36 S.Ct. 541, 60 L.Ed. 948 (1916). A telegram was held acceptable in *Blish* for the purpose of instituting a claim.

 The appellant complains that appellees have not complied with Ariz.Sup. Ct.R. 3(b) (8), as amended, 17 A.R.S., in that plaintiffs' exhibits 1, 1A, 1B and 2 have not been incorporated into the abstract of record. Appellant appropriately points out that it is not the responsibility of counsel for the appellant nor the court to search the file for the original exhibits and if they have not been made a part of the abstract of record they are not part of the record on appeal. Mozes v. Daru, 4 Ariz.App. 385, 420 P.2d 1957 (1966). We note, however, that an amended supplemental designation of record, setting forth the exhibits in question, was filed by appellees' attorney and served on appellant's counsel. No objection was made to the amended supplemental designation of record. Under the circumstances, we will overlook any irregularity in bringing the record before us on this appeal. Ariz.Sup.Ct.R. 26, as amended.

The judgment is affirmed.

KRUCKER, C. J., and HOWARD, J., concur.