Fritz W. Alexander, II, J.
Plaintiff moves for summary judgment in this action against an interstate carrier for goods *1094 lost in transit. The goods were shipped under a uniform straight bill of lading in the form prescribed by the Interstate Commerce Commission. On the motion, defendant does not dispute any of the essential elements of plaintiff’s cause of action. Instead it cross-moves to amend its answer to include as a defense plaintiff’s failure to file a written notice of claim within nine months after the time scheduled for delivery as required by section 2b of the bill of lading.
Plaintiff asserts that written notice of claim was sent to defendant and offers copies of the claim letter it sent the defendant to substantiate its assertion. Were this court to grant defendant’s motion to amend, it would have to deny plaintiff’s motion for summary judgment, since on such a motion, the testimony of the nonmoving party is accepted as true. (See Schneider v. Elvin, 22 Misc 2d 127.)
It appears, however, that this suit was brought less than six months after defendant issued its bill of lading for the goods. We are therefore presented with the issues, apparently not previously considered by the courts of this .State, as to whether the commencement of a suit by written summons and complaint within nine months of a loss is sufficient to satisfy a contractual provision which requires “asa condition precedent to recovery the filing in writing of a notice of claim within that same nine-month period. This commencement of suit is, in the view of this court sufficient to satisfy that condition.
The notice and filing of claim provision with which we are here concerned was drafted in compliance with paragraph (11) of section 20 of title 49 of the United States Code. The cases are legion holding that the purpose of the notice and filing of claim is to provide the carrier with notice of claims against it so that a prompt investigation can be made. (E.g., see, Adler Upholstery Fabrics v. Akers Motor Lines, 54 Misc 2d 360; Minot Beverage Co. v. Minneapolis & St. Louis Ry. Co., 65 F. Supp. 293 [Minn., 1946] ; Thompson v. McCarrick Co., 205 F. 2d 897 [5th Cir., 1953] ; Johnson & Dealaman v. Hegarty, Inc., 93 N. J. Super. 15.) Its purpose is not to provide the carrier with a means to escape liability. (See Thompson v. McCafrick Co., supra; Blaisdell v. American Ry. Express Co., 56 N. D. 870.) It has been held that a notice of claim must convey to the carrier the intention of the parties to the shipment to claim compensation for a suffered loss. (See West Coast Marketing Corp. v. New York, New Haven & Hartford R. R. Co., 106 N. Y. S. 2d 15 and Bond Stores v. Overland Package Frgt. Serv., 171 Misc. 135.) What more clear statement of intention to claim compensation could defends *1095 ant have than that given him here f Defendant was given notice within nine months. It cannot be said that the defendant did not have an opportunity to promptly investigate this claim.
The bringing of suit is not premature. Section 2b says only that no recovery can be made before filing written notice of claim. There is no requirement that a written notice of claim be filed before suit is brought. (See Blaisdell v. American Ry. Express Co., supra.) Indeed it has been held that the filing of suit is the equivalent of filing claim. (See Greyvan Lines v. Nesmith, 50 A. 2d 434 [D. C.].)
In light of the foregoing, to grant defendant’s motion would serve no purpose. Defendant’s motion to amend its answer is denied. Plaintiff’s motion for summary judgment is granted.
Let judgment be entered against defendant and in favor of the plaintiff in the amount of $202.50, together with interest, cost and disbursements.