No. 24,395.

THE STATE OF KANSAS, *Appellee,* v. HENRY WILHELM, *Appellant.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW — *Statutory Rape — Corroboration of Testimony of Prosecutrix.* Corroboration of the testimony of a prosecutrix which fairly tends to support the charge that the defendant is guilty of statutory rape is not essential to a conviction.

2. SAME—*Evidence Sustains the Conviction.* The contention that the evidence is insufficient to sustain the conviction is held to be groundless.

Appeal from Rush district court; ROSCOE H. WILSON, judge. Opinion filed November 4, 1922. Affirmed.

*R. C. Russell,* of Great Bend, and *W. H. Russell,* of La Crosse, for the appellant.

*Richard J. Hopkins,* attorney-general, *Henry Herman,* county attorney, and *Jerry E. Driscoll,* of Russell, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: Henry Wilhelm was convicted of the offense of statutory rape upon Susie Ochs, and he appeals.

The information contained three counts, charging acts of intercourse on August 1, August 8, and September 19, 1920. He was found not guilty of the earlier offenses charged, but was convicted on the third count, which alleged that an offense was committed on September 19, 1920.

The only contention made in defendant's brief is that the evidence is insufficient to sustain the verdict and judgment. He frankly concedes that testimony tending to support the conviction was received, but he insists that it rests alone upon the testimony of the prosecutrix, and that it was contradictory, uncorroborated and incredible. The testimony of the prosecutrix was given in detail and tended to prove the illicit act, but the defendant earnestly argues its insufficiency because of contradictions in it and its conflict with that given in behalf of the defendant, as if this court was

the trier of the facts and should settle the conflicts in the testimony and weigh its force. In regard to the lack of corroboration it may be said that corroboration of the testimony given by the prosecutrix is not essential to the conviction. We have no statute in this state as there is in others that the testimony of the prosecutrix must be corroborated by other evidence, and hence it has been held that her testimony alone as to the illicit act, if it fairly tends to prove the offense and is believed by the jury, is sufficient to sustain a conviction. (*The State v. Brown*, 85 Kan. 418, 116 Pac. 508.) There was other evidence supporting some of the circumstances related by the prosecutrix. For instance, the defendant positively denied that he was in the company of the defendant at the time it is charged the offense was committed, while several witnesses testified that the defendant did take the prosecutrix home from a dance in a buggy on the night she testified that the offense was committed. Again it was shown that a child was born to her on May 5, 1921.

Against the credibility of her testimony it is argued that as the jury did not convict on the counts in which defendant was charged with illicit acts on August 1 and August 8, in support of which she testified, the inference must be that the jury regarded her testimony to be unworthy of belief. Whether the jury determined that those charges were not sufficiently established or concluded that a single penalty would serve the purposes of the law, is no longer a matter of concern. The question now is whether there is sufficient evidence to sustain the finding that an offense was committed on September 19. Substantial supporting testimony was produced and the verdict is an assurance that the jury regarded it to be worthy of belief. Her evidence is further said to be incredible because of inconsistences in it, and also because the offense was said to have been committed in the narrow limits of a single buggy while the horse was trotting along. But these and other circumstances attending the commission of the offense were all matters for the consideration and finding of the jury. They were men of years and experience, who decided not only what portions of the testimony were credible, but also whether in the situation and circumstances related by the prosecutrix the offense could have been committed.

Although some other errors are assigned in the abstract, the only one argued in the brief is the insufficiency of the evidence, and hence the others do not require consideration.

No reason is seen for reversing the judgment, and hence it will be affirmed.