No. 31,037

THE STATE OF KANSAS, *Appellee,* v. BILL WRIGHT, *Appellant.*

(29 P. 2d 1099.)

Opinion on rehearing filed March 10, 1934. (For original opinion see 138 Kan. 31, 25 P. 2d 475.)

*J. J. Schenck, A. D. Weiskirch, Jr.,* and *Hal C. Davis,* all of Topeka, for the appellant.

*Roland Boynton,* attorney-general, *Everett E. Steerman,* assistant attorney-general, *Joseph J. Dawes,* county attorney, and *F. C. Bannon,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: For reasons deemed sufficient a rehearing was granted in this appeal.

The material facts are sufficiently stated in our first opinion. (138 Kan. 31, 23 P. 2d 475.)

It is now strongly urged that the evidence was insufficient to identify this defendant as one of the three robbers who invaded Warden's place of business on the night of April 18, 1931. This contention is based upon the evidence of witnesses who testified that

on the night in question defendant was employed and at work repairing the top of a reservoir in Topeka about the time the robbery was committed at Warden's place some fifty miles away. But Warden's identification of defendant as one of the robbers was positive and direct, as quoted in our first opinion; so the evidence that he was in Topeka at the time the robbery was committed merely raised a question of veracity of witnesses, which is a commonplace problem with which trial courts and juries have to deal, but with which an appellate court has no concern.

It is also contended that the trial court erred in giving an instruction on the law of aiding and abetting, the point being that there was no evidence introduced which tended to show that defendant was an accessory before the fact, or that he counseled, aided or abetted the other robbers in the perpetration of this crime. There was evidence that defendant and Stanley held guns on Warden and the other card players while Boaz went through their pockets and took their money lying on the card table. The statute under which defendant was prosecuted reads:

"Every person who shall be convicted of feloniously taking the property of another from his person or in his presence, and against his will, by violence to his person or by putting him in fear of some immediate injury to his person, shall be adjudged guilty of robbery in the first degree." (R. S. 21-527.)

And since the actual taking of the money was not by defendant, it was neither erroneous nor prejudicial (although perhaps unnecessary) to instruct the jury on the liability of defendant in aiding and abetting the person who actually did take the money if the jury found the facts to be as shown by the state.

Another error assigned relates to the testimony elicited from defendant over objection to the effect that he had been "arrested" on another charge of robbery. On redirect examination, defendant testified that he had been prosecuted and acquitted "in three minutes" on that charge. Elsewhere on cross-examination, however, defendant admitted that he had served a term in the state industrial school for robbery in the first degree; and counsel for the state suggests that in the instruction covering the proper evidential significance to be attached to this fact the trial court inadvertently used the word "arrested" when quite obviously the word "convicted" was intended. No objection to the instruction was made at the time, and it cannot be conceived how the evidence or the instruction relating thereto could have prejudiced the defendant.

Coming next to the most important point urged by defendant and which chiefly persuaded this court to grant a rehearing, it is urged that the four counts of the information constituted but one criminal offense, and that the inference should be drawn from its text that such was the view of the prosecuting attorney, because the information connects the second count with the first, the third with the first and second, and the fourth with the first three with language apparently so intended. Thus the first count charged the offense of robbing J. D. Warden. The second charged the offense of robbing Richard Kelly, but concluded thus:

"That the matters and things alleged in this second count occurred at the same time and place as the matters and things alleged in the first count herein and, were a part of continuous transaction."

Counts three and four concluded in substantially the same way. The verdict of the jury read:

"We, the jury impaneled and sworn in the above-entitled case, do, upon our oaths, find the defendant, Bill Wright, guilty as charged in the first, second, third and fourth counts of the information."

The judgment and sentence of the court read:

"It is, therefore, now by the court here considered, ordered, adjudged and decreed that Bill Wright, the defendant herein, is guilty of the *offense* of robbery in the first degree, as charged in the first, second, third and fourth counts in the information herein, and as found by the jury, and that the defendant be, and he is hereby sentenced to confinement at hard labor in the Kansas State Penitentiary at Lansing, Kan., for the period of time prescribed for such *crime,* in compliance with the laws of Kansas." (Italics ours.)

The punishment prescribed by the crimes act, R. S. 21-530, for the crime of robbery in the first degree is confinement in the penitentiary at hard labor for not less than ten years nor more than twenty-one years. In this connection counsel for defendant, in their brief, say:

"It is not within the discretion of the trial court to sentence a defendant for any number of years, but the sentence must be until discharged according to law. The defendant, in this case, however, was sentenced from ten to twenty-one years on each of four counts, and the minimum sentence on these four counts is forty years in the penitentiary at hard labor, when, according to our theory of this case, he could not legally have been sentenced by the court for more than a ten-year minimum sentence. It was the absolute duty of the trial court to see that the defendant was not sentenced on more than one count of the information, if he had been found guilty by the jury."

We need not decide whether on this verdict the trial court could or should have imposed four separate sentences to be served con-

secutively. Manifestly no such judgment was pronounced. The pertinent question is the simple one of interpreting the trial court's judgment. The language is "the offense," not offenses; "such crime," not crimes. In our opinion only one sentence was imposed—not four sentences; and, consequently, there is no ground for interpreting the judgment and sentence as one incarcerating defendant in the penitentiary for a minimum term of forty years.

The judgment is reaffirmed.

