No. 33,027

THE STATE OF KANSAS, *Appellee*, v. TROY WOOD, *Appellant*.

(67 P. 2d 544)

Opinion filed May 8, 1937.

*C. C. McCullough,* of Emporia, for the appellant.

*Clarence V. Beck,* attorney general, and *Jay Sullivan,* county attorney, for the appellee.

The opinion of the court was delivered by

THIELE, J.: Defendant was convicted of stealing chickens in the nighttime and appeals to this court.

Appellant complains the trial court erred in permitting the state to use a diagram showing location of a road, a chicken house and two residences. There is no evidence nor even any complaint that the diagram was not sufficiently accurate for the purpose for which it was used. If there was any error it has not been made to appear.

Appellant also complains the trial court made prejudicial statements in the presence of the jury. It appears there had been a previous trial. At the second trial, defendant, conceiving that a witness was testifying somewhat differently than at the first trial, asked that the court reporter read the witness's testimony at the first trial. In colloquy between court and counsel for state and the defendant, the court made the statement:

"I don't want to be put in a position of ruling against the prosecution all of the time. Suppose we take a recess period and run down the law, Kansas authorities, and see whether or not this question is permissible on cross-examination."

After some further remarks the county attorney joined in the request and the whole evidence of the witness at the first trial was read to the jury. In connection with this complaint our attention is directed to certain comments of the trial court as to whether it was proper to permit the above testimony to be read in full. These latter remarks appear to have been made in the absence of the jury. We have read the entire record carefully, and if there was anything approaching error it was cured when the evidence was read to the jury. Certainly there is no showing the remarks of the trial court prejudiced the defendant.

And finally, appellant contends there was no evidence contradicting the testimony of his witnesses establishing his alibi. It may be conceded there was no categorical denial. There was testimony, however, the defendant had told the sheriff and his deputy that he was at the place where the theft occurred and that he had taken three chickens. There was no denial these statements were made. Under all of this evidence there was a conflict to be decided, and the question was for the jury. The credibility of witnesses and the weight of their testimony are not subjects of appellate review (*State v. Plum*, 49 Kan. 679, 31 Pac. 308). In considering the sufficiency of evidence to sustain a conviction this court looks only to evidence favorable to the decision, and if the essential elements of the charge are sustained by any legally admitted evidence, the conviction stands (*State v. Lower*, 110 Kan. 669, 205 Pac. 364). Here there is no argument as to competency; the only question is credibility. The jury elected to believe the state's witnesses, and that must end the matter.

The judgment of the trial court is affirmed.