No. 35,635

R. C. BURNS, *Appellant,* v. MILTON F. AMRINE, Warden of the Kansas State Penitentiary, et al., *Appellees.*

(131 P. 2d 884)

Opinion filed December 12, 1942.

*C. A. Magaw,* of Topeka, argued the cause, and *Robert Russell,* of Topeka, was on briefs for the appellant; *R. C. Burns,* pro se.

*Jay S. Parker,* attorney general, and *Shelly Graybill,* assistant attorney general, were on briefs for the appellees.

The opinion of the court was delivered by

DAWSON, C. J.:   This is an appeal from a judgment of the district court of Leavenworth county which denied appellant's petition for a writ of habeas corpus to secure his release from imprisonment in the state penitentiary.

It appears that on October 10, 1936, the appellant petitioner was convicted of burglary and larceny in the district court of Marion county, and on a proper showing that he had been previously convicted of separate felonies, once in the United States district court for the western district of Louisiana, and again in the district court of the United States for the northern district of Ohio, western division, he was sentenced to imprisonment for life, pursuant to the habitual criminal statute as it existed at the time of the commission of the crime for which he was charged and convicted in Marion county (G. S. 1935, 21-107a; 21-108, since amended G. S. 1941 Supp. 21-107a).   From that judgment and sentence this petitioner

did not appeal, and pursuant thereto he has been incarcerated in the penitentiary since sometime in October, 1936.

In his application to the district court of Leavenworth county, petitioner alleged that in his trial in Marion county six years ago he was denied an opportunity to subpoena witnesses residing in the state of Missouri.

On the issue thus tendered the petitioner produced witnesses who testified that on the alleged dates of the burglary and larceny in Hillsboro, Marion county, Kansas, to wit, on July 19 and 20, 1936, the petitioner was in their company in and about Jackson county, Missouri—which we judicially notice is about 150 airline miles east of Hillsboro, where the alleged crimes were committed. But the evidence to support the allegation that petitioner was denied an opportunity to subpoena witnesses was not forthcoming. He was represented by competent counsel at his Marion county trial. There was no showing that either he or his counsel caused subpoenas to be issued. All he did show was that he arose to address the court and was told to sit down. His present explanation of that incident is that he intended to ask the court to postpone the trial until an expected witness would arrive. Apparently appellant desired the district court of Leavenworth to infer that the expected witness was one of those Missouri persons who if subpoenaed would have appeared and testified about appellant's presence in Missouri at and about the time the burglary and larceny were committed in Hillsboro, Kan.

At the Leavenworth county trial in these habeas corpus proceedings now under review certain Missouri witnesses did appear and gave that sort of testimony, but even if given the largest credence it shows no violation of correct criminal procedure in the criminal trial in Marion county in 1936. Since no subpoenas were requested by the defendant or his counsel, and if they had been issued they could not have been effectively served in the state of Missouri, consequently no denial of the constitutional guaranty of defendant's right to secure the compulsory attendance of witnesses is made to appear. In *State v. Roark*, 23 Kan. 147, the right of a defendant to compulsory process to secure the attendance of witnesses, as guaranteed in section 10 of the Kansas bill of rights, was interpreted thus:

"A defendant in a criminal prosecution is entitled, under the constitution, to compulsory process to compel the attendance of witnesses *within the jurisdiction of the court,* in his behalf." (Syl. ¶ 2.) (Italics ours.)

In *Hey v. Emerson,* 142 Ky. 767, 135 S. W. 294, error was assigned on the overruling of defendant's motion for an order requiring the attendance of a witness in his behalf, when such witness was a resident of Indiana. In affirming the judgment the court of appeals said the provision of the Kentucky code concerning the compulsory attendance of witnesses applies only to witnesses within the jurisdiction of the court, and had no application to witnesses without the jurisdiction of the court, whom the court was without power to compel to attend the trial.

In *Redmond v. The State,* 4 Ala. App. 190, 59 So. 181, it was held that the provision in the Alabama constitution guaranteeing a defendant in a criminal prosecution the right to have compulsory process for obtaining witnesses in his behalf did not extend to process for a witness beyond the court's jurisdiction, whose attendance the court could not compel. In accord with the foregoing were *Baker v. People,* 72 Colo. 68, 74, 209 Pac. 791; *State v. Butler,* 67 Mo. 59, 62. And see, also, 70 C. J. 42.

Moreover, if the Missouri witnesses had appeared voluntarily their testimony would only have tended to furnish an alibi for the defendant. At the time the alleged burglary and larceny were committed, and at the time of the criminal trial in Marion county, there was in effect the present statute which provides that in a criminal action, where the time and place of the offense are alleged to have been committed, and where the nature of the offense is such as necessitated the personal presence of the one who committed it, and where the defendant proposes to offer evidence to the effect that he was at some other place at the time of the offense charged, he must give notice of that fact to the county attorney, which notice must also state where defendant contends he was at the time of the offense, and shall also contain the names of the witnesses he proposes to use in support of such plea. Such notice must be served on the county attorney as much as seven days before the trial, and a proof thereof filed with the clerk of the court. Other procedural details for the use of alibi evidence may presently be omitted, but the same paragraph of the statute continues thus:

"Unless the defendant gives the notice as above provided he shall not be permitted to offer evidence to the effect that he was at some other place at the time of the offense charged." (G. S. 1935, 62-1341.)

There is no pretense that this provision of the code of criminal procedure was complied with.

We note that in his brief appellant says:

"The question is not raised in order to prove a aleby [alibi] for the plaintiff, but to support only as he has contendet[d] by his application in Habeas Corpus set forth therein."

But since the evidence of the Missouri witnesses who testified in the Leavenworth court in the habeas corpus case bore only on the matter which would have supported a defense of alibi in defendant's criminal trial in Marion county, and would have been inadmissible there for want of compliance with G. S. 1935, 62-1341, the writ of habeas corpus was properly denied, and the judgment of the district court of Leavenworth county must be affirmed.

The judgment is affirmed.