No. 36,551

THE STATE OF KANSAS, *Appellee,* v. HENRY JEFFERS, *Appellant.*

(173 P. 2d 245)

Opinion filed October 12, 1946.

*E. F. Ireland,* of Liberal, was on the briefs for the appellant.

*A. B. Mitchell,* attorney general, *Leon W. Lundblade,* assistant attorney general, and *H. A. Gaskill,* county attorney, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: The defendant was convicted of grand larceny and appeals. The only argument made is that the court erred in overruling defendant's motion to set aside the verdict on the ground that it was not sustained by the evidence.

The only question to be considered is whether there was sub-

stantial evidence to sustain the verdict. The complaining witness and the defendant had been drinking beer together. Something was said about the purchase of a quart of whisky. Defendant said he knew where he could get a quart for $10. The complaining witness gave him $10 and together they left the place where they were drinking. The complaining witness testified that defendant was driving the complaining witness' car. The complaining witness was sitting in the middle of the front seat and another man was sitting at his right. He testified that he had obtained $650 on a check a day or two before; that he had spent about $50 and had about $600 in his pocketbook when they started out for whisky. He testified that the defendant took a route other than the one the witness thought should be taken and that witness stopped the car by putting it in reverse; that immediately thereafter the defendant slugged the witness on the side of the head and broke his false teeth. When defendant struck the witness he was pushed over and defendant got on top of him. The witness finally squirmed out and got up and the defendant got out of the car and "took off." Just about that time "the law" drove up and witness called "there goes the man that got my money." Immediately after witness got out of the car he felt in his hip pocket and found his money gone. He had been carrying it in a tobacco sack that would not fasten. He testified that during the afternoon his pocketbook had $600 in it. The police took all three of the parties to the police station.

At that time they searched the car of the complaining witness and searched the ground where the altercation took place but found nothing. He testified that after he was released from jail the next day, on Sunday, he took his car and went over the route to see if he could find his pocketbook. Something happened to his car and he had to be towed home; that when he started to get a wrench to work on his car he found his pocketbook but it only had $280 in it. The police testified that the defendant was about a block away from the car when they came to it on the night of the altercation; that they apprehended him and just as they arrested him he made a motion toward the inside of his shirt; that they arrested him and found $260 in bills inside his shirt just above his belt.

The above is about all of the evidence to point toward the guilt of the defendant except one item. The complaining witness testified that when he met the defendant in the place where they were drink-

ing beer that afternoon the defendant asked him for the loan of a dollar and he did loan it to him.

There is some evidence on behalf of the defendant to the effect that he had been paid for some work he had done and he had received about as much as was found on him, together with some which had been spent, for which he accounted.

It is the function of the jury to weigh the evidence. This includes not only ascertaining whether or not particular witnesses are telling the truth but also reasonable inferences to be drawn from the established facts. In considering the sufficiency of evidence to sustain the conviction the court looks only to evidence favorable to the decision and if the essential elements of the charge are sustained by the evidence, then this court will not interfere with the conviction. We have said this in many different ways but always with the same general result. See *State v. Wood,* 145 Kan. 730, 67 P. 2d 544; *State v. Thomas,* 155 Kan. 374, 125 P. 2d 375; and *State v. Smith,* 158 Kan. 645, 149 P. 2d 600.

Here the jury, if it believed the prosecuting witness that defendant tried to borrow a dollar earlier in the afternoon, would be justified in concluding therefrom that defendant did not have any money at that time. He started out on a trip to get whisky with the complaining witness and took a route other than he had said he would take. Again if the jury believed the complaining witness it would be warranted in concluding that there was about $600 in the pocketbook before the defendant made the assault on the complaining witness and only about $280 in it afterward. Furthermore, the defendant who had to borrow a dollar in the afternoon had $260 on his person soon after the assault was made. There is substantial evidence to warrant the jury in returning a verdict of guilty.

The judgment of the trial court is affirmed.