## No. 36,850

THE STATE OF KANSAS, *Appellee*, v. HERMAN GREER, *Appellant*.

(184 P. 2d 991)

WILLARD M. BENTON, judge. Opinion filed October 4, 1947.

*C. D. Bruce*, of Kansas City, was on the briefs for the appellant.

*Tudor M. Nellor*, assistant county attorney, argued the cause, and *Edward F. Arn*, attorney general, *Harold R. Fatzer*, assistant attorney general, *Harold*

*H. Harding,* county attorney, and *O. Q. Claflin, III,* assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Herman Greer was convicted of a violation of G. S. 1935, 21-435. His motion for a new trial was denied and he has appealed to this court.

Preliminary to a discussion of alleged errors occurring at the trial, the evidence will be reviewed briefly. There was conflict in the testimony between witnesses for the state and for the defendant, and some discrepancy where the evidence of one witness is compared with that of another, but as has been held, the credibility of witnesses and the weight of their testimony are not subjects of appellate review, and in considering the sufficiency of evidence to sustain a conviction, this court looks only to evidence favorable to the decision, and if the essential elements of the charge are sustained by any legally admitted evidence, the conviction stands. See *State v. Jeffers,* 161 Kan. 769, 173 P. 2d 245; *State v. Smith,* 158 Kan. 645, 149 P. 2d 600; *State v. Thomas,* 155 Kan. 374, 125 P. 2d 375; *State v. Wood,* 145 Kan. 730, 67 P. 2d 544; and cases cited. Under the rules stated the following facts were shown.

T. J. Allen was a bus driver for the Kansas City Public Service Company and drove a bus from its downtown garage at 1:00 o'clock, a. m., on October 13, 1946. His route took him to Thirty-second street and Quindara boulevard in Kansas City, Kan. At that point Ima Gilkey, a colored girl, boarded the bus. At Thirteenth street and Quindara boulevard, Rose Lovitch, a white woman, became a passenger. At Seventh street and Quindara boulevard, Herman Greer and his friend, Kenneth Micks, both colored, staggered across the street and boarded the bus. Although there were plenty of empty seats, Greer seated himself with Ima Gilkey, with whom he was not acquainted, and Micks took the empty seat just ahead. After the bus moved on for some distance Allen, the driver, saw by a rear view mirror that there was a disturbance and turned around and asked Ima Gilkey if Greer was annoying or molesting her. She answered that he was and Allen stopped the bus, picked up a club or stick about two inches thick, two inches wide and two feet long, used in connection with testing or removing tires, and went back to where Greer was sitting. There was some talk, a threat to use the club, and Micks said he would look after Greer.

At that time Ima Gilkey moved to the front of the bus. Later, when the bus reached Seventh and Minnesota streets, Greer moved to the front of the bus and made some remarks to Allen and to Rose Lovitch. When the bus reached Sixth and Minnesota streets and stopped, Greer took a razor out of his· pocket and cut Allen along the side of the head and across the fingers. Allen immediately defended himself with the aforementioned club and in the ensuing altercation Greer and Allen got out of the bus and into the street where the fight continued. Other persons came up and saw Greer attempting to slash Allen with the razor, and at that time Greer ran. Shortly thereafter Greer was apprehended in a nearby alley, where he was found lying down. Near the place where he was arrested a razor was found which was later offered in evidence, and it will be referred to later.

In a preliminary way it may be said that appellant's abstract does not contain his motion for a new trial, but does contain an affidavit of his attorney, which is later mentioned. The specifications of error in the abstract note eleven instances wherein the·trial court is said to have erred. In his brief, appellant does not take up these specifications. His brief is divided into two main headings— "Preliminary Statement" and "Brief," but under both headings may be found assertion of contention that the trial court erred. We shall review the matters as presented under both headings.

Appellant contends the trial court erred in refusing. to permit him to cross-examine the state's witnesses to show the interest of the Kansas City Public Service Company in the outcome of the action. The abstract does not disclose any objection sustained to any such question. In appellant's brief it is said, in part, ". . . strange to say counsel· for Greer searched the Transcript and he was unable to find this part of the proceedings—but counsel was there and cross-examined until the Court sustained an objection." There is no showing whatever that appellant made any effort to have the transcript corrected, if it was not correct. In addition there is no showing the matter was included in his motion for a new trial, no showing what the so-called excluded evidence would have disclosed, and there is nothing before us for discussion.

Appellant also contends that he was prejudiced in that his case was tried before other cases which had been docketed ahead of his. We dispose of all argument under this contention by stating the record discloses that not only did appellant not ask for a continuance

on the above or any other ground, but when the trial started and before a jury was impaneled, he announced he was ready for trial.

Appellant also contends that the trial court erred in admitting in evidence the razor found near the defendant when he was arrested, and is based on the following: The razor introduced in evidence is said by appellant to have a cream colored handle. Rose Lovitch had testified that she saw the razor at the time Greer attacked Allen in the bus, and the razor had a white handle. The abstract does not show the direct examination of Ima Gilkey on the point, but does show that on cross-examination she was asked whether she had not testified at Greer's preliminary examination that the razor had a black handle, which she denied. She stated she had said it had a white handle. In its comments on the motion for a new trial, the trial court stated some witness used the word "cream colored" but that the court did not know what the fine distinction between a white and cream color was, and that it was the function of the jury to determine the fact. We shall not labor the matter further. Enough has been stated to show that only a question of fact was presented. There was no error in receiving the razor in evidence simply because some witness may not have described it as another did.

Complaint is made by the appellant that the state did not produce the club which has been mentioned. Appellant seems to have made no effort to procure it if needed for evidence. On the contrary it produced and used another piece of wood, said to have been like the one mentioned. According to appellant's brief, at the preliminary hearing the state had not produced the original club, but had produced another said to have been similar. Appellant now contends the state suppressed evidence. We do not think so— the whole matter seems to have been brought out. Appellant was not prejudiced under the circumstances.

Appellant contends that he was prejudiced by the closing argument of the state. There is no showing whatever in the abstract as to what was said, and the matter is not open to review.

Mention has been previously made of an affidavit by appellant's counsel, used on the motion for a new trial. In part it states that affiant had a conversation with one of the jurors who told him appellant was convicted by reason of his previous criminal record. Passing any question of impropriety of counsel's making such an affidavit, and of the insufficiency of such a showing to present the

question, we note that when appellant took the stand in his own behalf, his own counsel developed the fact appellant was an ex-convict. On cross-examination the state inquired as to the number of times appellant had been arrested, and there was no objection lodged to any question. If there was any error shown, appellant invited it and will not be heard to complain. Appellant says further, the trial court should have instructed on the purpose for which the evidence was admitted. No request for such an instruction was made nor was any objection made to the instructions given. Appellant has not abstracted the instructions, but the state, by counter-abstract, has shown them fully. Without analyzing them, we are of opinion the cause was submitted upon proper instructions.

Appellant also finds fault with remarks made by the trial court when ruling on the motion for a new trial. Appellant's counsel had called attention to the fact his client had been in the army, and had been taught how to kill, and stated that if the appellant had attempted to do what he was charged with, he would have been able to do it, and the fact he had not done so was proof he had not made such an attempt. In its remarks the trial court in effect stated it was fortunate appellant was not being tried for murder— that appellant had no excuse for "toting" a razor unless he was a bully or a coward, and it would have been better had he not mentioned he was an ex-soldier for the very good reason he would not want to reflect on the reputation of good soldiers. We cannot construe this into prejudice against the appellant, or that he did not have a fair trial.

A patient consideration of the record as abstracted shows that the principal question in the case was whose version of the facts was to be believed. The jury resolved that issue against the appellant. His contentions that error was committed during his trial or subsequent thereto cannot be sustained.

The judgment of the trial court is affirmed.