No. 37,462

THE STATE OF KANSAS, *Appellee*, v. CURTIS THOMPSON, *Appellant*.

(201 P. 2d 630)

Opinion filed January 22, 1949.

*Hall Smith,* of Topeka, and *Harry Crosswhite,* of Holton, were on the brief for the appellant.

*Edward F. Arn,* attorney general, and *I. B. Wilcox,* county attorney, were on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: The appellant was convicted of the offense of statutory rape (G. S. 1935, 21-424) and appeals to this court.

A brief summary of the evidence introduced by the state is as follows:

At the time of the alleged offense, September 5, 1947, the prosecutrix was a girl thirteen years of age who lived with her parents on a farm not far from the home of the defendant. The defendant was the leader and manager of a small dance orchestra which played for public dances in and around Delia. The prosecutrix had been playing the piano in this orchestra for about a year. In the summer of 1947 the prosecutrix had been having some trouble with her family concerning her further connection with the defendant and his orchestra and she decided to run away from home. She and the defendant had discussed the matter. On the night of September 4, 1947, at a prearranged time and place she met the defendant a short distance from her home and they drove off together in his car. When driving through Holton they stopped at a filling station and the defendant purchased some gasoline. On this occasion the defendant and the filing station attendant showed her some sort of vulgar and suggestive device or contraption in the nature of two animals in the act of sexual intercourse. From Holton she and the defendant drove on to Atchison and a short distance from town, on a dark country road, had sexual intercourse. She was later let out of defendant's car in Atchison and he drove off, her intention being to go on to Nebraska. Later the defendant picked her up again and they spent the rest of the early morning and day in and around Atchison, returning to the home of the defendant the next evening, September 5. Here they were warned by a daughter of the defendant that the father of the prosecutrix was looking for them "with a shotgun." The defendant then became worried and suggested that they drive into Holton and see the sheriff. They finally located the sheriff about eleven o'clock that night and the matter was discussed with him. The defendant and the prosecutrix then decided that she should go to the home of her aunt who lived at Emmett, about thirty miles distant from Holton. On the way to Emmett and at a point several miles west of Holton, in Jackson county, the defendant stopped his car, and he and the prosecutrix again engaged in an act of sexual intercourse, this being the alleged offense upon which the defendant was tried.

They arrived at Emmett about four o'clock the morning of September 6, where the defendant left the prosecutrix with her aunt.

The daughter of the defendant testified that defendant and prosecutrix had returned to defendant's home on the night of September 5 and that she had told them that the father of the prosecutrix was looking for them "with a shotgun."

The sheriff testified to the fact that the defendant and the prosecutrix had talked to him about eleven o'clock on the night in question in Holton.

At the close of the state's evidence the defendant moved that he "be discharged because the evidence introduced does not prove the absolute time and is not sufficient to constitute a conviction in this case. The state's evidence lacks entirely the necessary corroboration." This motion was overruled by the court, whereupon the defendant proceeded with his defense.

The defendant, a man forty years of age, testified in his own behalf, and, with the exception of several more or less immaterial matters, his testimony concerning the chain of events from the time he met the prosecutrix the night of September 4 until he took her to Emmett in the early morning of September 6, was substantially the same as that related by the prosecutrix. His version, however, was that his sole purpose was to try to keep the prosecutrix from running away from home and he, of course, flatly denied both acts of intercourse testified to by the prosecutrix.

The defendant was found guilty and following the overruling of his motion for a new trial appealed to this court, assigning as error the overruling of his motion to be discharged at the close of the state's evidence and the overruling of his motion for a new trial.

The principal contention of the defendant is that the court erred in overruling his motion to be discharged at the conclusion of the state's evidence, and he asks this court to review the evidence due to the nature of the offense charged and the testimony introduced by the state, citing *State v. Wheaton*, 149 Kan. 802, 89 P. 2d 871, to the effect that in a case of this type the weight and sufficiency of the evidence are carefully to be considered. We have examined this evidence and have no hesitancy in saying that the trial court quite properly overruled defendant's motion for discharge at the close of the state's evidence.

The rule is that it is the province and duty of this court to review the evidence solely to ascertain whether there was sufficient com-

petent evidence to support the verdict, but it is not the function of this court, which has not had the opportunity afforded in the trial court to observe the demeanor of witnesses and to pass otherwise upon their credibility, to weigh conflicting evidence—that is for the jury. Where there is any substantial competent evidence to support it, a verdict will not be disturbed on the ground of insufficiency of the evidence. (*State v. Jeffers,* 161 Kan. 769, 173 P. 2d 245.) No complaint is made as to the instructions given by the trial court or as to its rulings on the admissibility of evidence, and there is no merit to defendant's contention with reference to the lack of corroboration. (*State v. Wilhelm,* 112 Kan. 236, 210 Pac. 347.)

The jury found the defendant guilty after hearing conflicting testimony and an examination of the record discloses no reason why such verdict should be disturbed.

The judgment is affirmed.