No. 37,325

The State of Kansas, *Appellee,* v. Donald Parker, *Appellant.*

No. 37,326

The State of Kansas, *Appellee,* v. Sam Coleman, *Appellant.*

(204 P. 2d 584)

Opinion filed April 9, 1949.

*Elisha Scott,* of Topeka, argued the cause, and *John J. Scott* and *Charles S. Scott,* both of Topeka, were with him on the briefs for the appellants.

*Warren W. Shaw*, county attorney, and *William L. Rees*, assistant county attorney, argued the cause, and *Edward F. Arn*, attorney general, and *Herbert A. Marshall*, assistant county attorney, were with them on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The appeals here considered are from convictions for violation of the criminal laws of this state.

Each of the defendants was charged in separate informations with unlawfully, feloniously and willfully buying and receiving forty cases of beer stolen from Adeline Heller, doing business as Community Café, knowing the beer to have been stolen, the beer being of the value of more than $20. By agreement the two actions were tried jointly in the district court, where both defendants were found guilty, and the appeals are presented together in this court.

A statement of the facts sufficient for a consideration of the appeals, is as follows: Four boys, Wilkerson, Taylor, Williams and Thompson, broke into the Community Café on the night of October 30, 1947, and took some food and a few bottles of beer. They then conceived the idea of taking and selling some beer they had seen in the café and went to a place at 116 South Monroe street, operated by defendant Coleman and frequented by defendant Parker, where Wilkerson saw Coleman and told him he had beer to sell, and he arranged to deliver a quantity at the latter address, which is about two blocks from the café. The four boys then stole a truck, returned to the café and took eighteen or twenty cases of beer and delivered them to 116 South Monroe street, at which time Coleman was present, told the boys where to put the beer, and at the time asked where it came from and was told it came from the Community Café. Coleman then told them he would take all the beer they could get and the boys went back and made their third entry into the café, when they took twenty or twenty-two more cases of beer, which they took to 116 South Monroe street where they met Coleman and Parker. Coleman told them he wanted the beer delivered to his house on Lawrence street for the reason he knew it was "hot" and his place on Monroe street was too close to where the beer came from. Parker was present during this conversation and got into an automobile in which the first load of beer was placed and driving that car, led the boys and the truck containing the second load to the Lawrence street address. When all had arrived at the latter address Parker instructed the boys as to unloading and

forty cases of beer were placed in the basement of the house at the last address. Thereafter Parker and the four boys returned to 116 South Monroe where Coleman paid them a part of the money he had agreed to pay and told them to return later for the balance. In view of Coleman's claim he was in Junction City on the night of the robbery, we note the following: In the early morning of October 31, 1947, two policemen, Pope and Roth, saw a truck of the same type as described by the boys in the alley near 116 South Monroe, and saw boys moving about it. They turned into the alley and the boys ran and evaded them. Later they learned of the robbery of the café and went back to 116 South Monroe and saw Coleman and talked with him.

In view of certain contentions made by the appellant, Coleman, we note the following events occurring at the trial. At the opening of the trial both defendants moved to quash the informations on the ground they did not contain allegations sufficient to constitute a public offense, and also moved that the state be compelled to file a bill of particulars setting out whether the state would rely upon the allegation of receiving certain goods, or buying certain goods with knowledge that the same were stolen. These motions were denied. After the state had rested, defendants made their opening statement in which it was said a witness would be produced who saw Coleman in Junction City on the night of October 30, 1947, and that he was there until nearly noon on October 31, 1947. Later one Fuller was called as a witness by the defendants and objection was made to his testimony concerning an alibi because no statutory notice had been given. The objection was sustained and at that time Coleman's counsel asked for a bill of particulars. Other phases of alibi will be mentioned later.

At the conclusion of the introduction of evidence, the trial court instructed the jury. No request was made by the defendants for any instruction nor were any objections made to the instructions given. After deliberation the jury found each defendant guilty as charged and found the value of the property bought or received at $132.

Each defendant filed a motion for a new trial, and that motion was denied and he was duly sentenced. Each defendant then perfected his appeal to this court. As has been stated, the appeals are presented together. The specification of errors covers the matters presented in the appellants' briefs and hereafter discussed.

Appellants' first contention that the trial court erred in denying the motions for a new trial is limited to matters affecting only the appellant Coleman. It is first contended the trial court erred in permitting testimony of an alleged declaration by Parker to a witness called by the state and made in the absence of Coleman. The brief does not set forth the testimony complained of nor is there any reference to the abstract. Our search of the record discloses only that the witness, in response to inquiry, testified that Parker told them where to put the beer after they had arrived at Coleman's place on Lawrence street, and that Coleman's counsel objected that the testimony was hearsay as Coleman was not present, and requested the court to direct that the evidence be confined to Parker. The objection was overruled and the request was denied. The argument is that Kansas has no law making conspiracy a crime, and that in any event statements of one conspirator made after the common enterprise is at an end, are not admissible against another conspirator. The contention may be answered shortly. The statement made, even if considered as otherwise to be excluded, was made while the course of events was continuing, and not after it had ceased. Coleman directed Parker and the four boys to take the beer to the Lawrence street address, and testimony that upon their arrival at that address Parker told them where to put the beer was neither hearsay nor otherwise objectionable.

It is next contended that the trial court erred in admitting testimony in rebuttal that was prejudicial and improper and an attempted impeachment on a collateral matter. The objectionable testimony is not summarized in the brief nor are there any references to the abstract. The complaint is that the testimony of Roth and Hummer pertained to purely collateral matters. If Hummer was called on rebuttal his testimony is not abstracted. Insofar as Roth is concerned we note the following: In his own defense Coleman testified he was in Junction City on the night of October 30, 1947. In rebuttal Roth testified, as has been set forth previously, that during the night of October 30, 1947, he and another police officer Pope, had gone to Coleman's place at 116 South Monroe street and saw Coleman and talked with him. The testimony complained of was proper in rebuttal, and is not subject to condemnation as being impeachment on a collateral matter. It does not appear that the trial court's ruling on the motion for a new trial was erroneous for the reasons asserted by appellants.

Appellants also argue the trial court erred in not instructing the jury that it had power, if the evidence warranted, to render a verdict of conviction of a misdemeanor. It is not contended that any objection was made to the instructions given, nor that any request for an instruction was made. Our attention is directed to *State v. Cunningham,* 120 Kan. 430, 243 Pac. 1006, where it was held that although the court may deem the evidence weak, the credibility and weight of the evidence are questions for the jury; to *State v. Patterson,* 52 Kan. 335, 34 Pac. 784, and *State v. Buffington,* 66 Kan. 706, 72 Pac. 213, where it was held that where there is even slight evidence that the offense may have been of lower degree, an instruction is required; to *State v. Severns,* 158 Kan. 453, 148 P. 2d 488, where it was held it is not necessary in order to predicate error thereon that a defendant object to a clearly erroneous instruction, and to *State v. Barnes,* 164 Kan. 424, 190 P. 2d 193, where it was held that a defendant is entitled to an instruction on the theory of his defense, and it is contended that the failure of the trial court to give such an instruction was reversible error. It may be conceded that the above cases so hold, but the factual situation presented is such that they are not applicable here. The testimony disclosed clearly that forty cases of beer were stolen. The owner of the Community Café said it was worth not less than $3.30 per case. The thieves said Coleman agreed to pay $2 per case, and did pay them $35 and agreed to pay at least $10 more. Under the testimony the appellants received stolen beer of the value of $20 or more, or they did not receive any. There was nothing in the evidence concerning any values less than those stated, and nothing for the jury to consider that could result in conviction of a misdemeanor, there was no occasion for the trial court to give any instruction pertaining to a lower degree, nor was there any such a theory of defense urged at any time. The trial court did not err in not giving an instruction of the nature now contended for by the appellants.

Appellant Coleman also contends the trial court erred in sustaining objections to certain testimony of the witness Fuller tending to support an alibi. Appellant argues that he made an effort to procure a bill of particulars, that he tried diligently to have the state set forth specifically the date the offense was committed and so on. The record, however, discloses that it was only after the state objected to questions tending to establish an alibi that his requests were made. Under our decisions, where a defendant in a

criminal case intends to rely upon an alibi, a prerequisite to the admissibility of the testimony of alibi witnesses is a compliance with the requirements of G. S. 1935, 62-1341. (*Burns v. Amrine,* 156 Kan. 83, 131 P. 2d 884.) There was no such compliance here.

By way of a summary, appellants direct our attention to the fact that the four boys who stole the beer were confessed convicts, and they argue the boys lied to save themselves; that there are discrepancies in the testimony, and for one reason and another certain witness's testimony is incredible. No doubt all of the above was argued to the jury, whose duty it was to determine the truth. No reason has been made to appear why the appellants were not convicted after a fair trial, and the verdicts of guilty and the judgments of the trial court passed upon them are affirmed.