No. 38,111

STATE OF KANSAS, *Appellee*, v. ALFRED T. BERRY, *Appellant*.

(223 P. 2d 726)

Opinion filed November 10, 1950.

*Charles S. Scott,* of Topeka, argued the cause, and *Elisha Scott, Sr.,* and *John J. Scott,* both of Topeka, were with him on the briefs for the appellant.

*Lee Hornbaker,* county attorney, argued the cause, and *Harold R. Fatzer,* attorney general, was with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: Alfred T. Berry was tried and convicted on a charge of robbery in the first degree as defined by G. S. 1935, 21-527. His motion for a new trial was denied and he perfected his appeal to this court specifying error in particulars which he discusses under three general headings in his brief.

Appellant's first contention is that the verdict was not supported by the evidence and was the result of passion and prejudice. His

argument that the verdict was not supported by the evidence is predicated on his own review of the evidence wherein he concludes that certain facts were or were not shown. That method of approach to the problem is not in accord with our decisions. The credibility of witnesses and the weight to be accorded their testimony are for the jury and are not subject to appellate review. On appeal the supreme court, in considering the sufficiency of the evidence to sustain a conviction, looks only to evidence favorable to the decision, and if the essential elements of the charge are sustained by any legally admitted evidence, the conviction stands. See, *e. g., State v. Greer*, 163 Kan. 592, 184 P. 2d 991, and cases cited. It is not necessary that we detail the evidence. The fact that there was a robbery within the terms of the above statute cannot be gainsaid. The only question was whether appellant committed it. The person robbed positively identified appellant as the robber and that alone was sufficient evidence to present the question to the jury notwithstanding appellant's offered evidence of an alibi. (See *State v. Wright*, 139 Kan. 14, 29 P. 2d 1099.)

The claim of prejudice is based on statements allegedly made by the county attorney in his opening statement that the person robbed and his companion, who were soldiers, had rendered long and loyal service in the United States armed forces. The abstract does not disclose what the opening statement was or that there was any objection to it and the question is not properly before us for review. If it were, we would have great difficulty in holding that the appellant was prejudiced by its being made, particularly when his own testimony showed that he too served three years in the military service.

Appellant's second contention is that the trial court erred in denying him permission to endorse the name of Marva Bond on his notice of the plea of alibi. Under our code of criminal procedure (G. S. 1935, 62-1341) the conditions under which an alibi may be proved are set forth and it is provided that a defendant proposing to offer evidence of an alibi must serve a specified notice on the county attorney, and that was done in the instant case. The statute further provides that upon due application and for good cause shown the court, using the discretion with respect thereto now applicable to allowing the county attorney to endorse the names of additional witnesses on an information, may permit the defendant to endorse additional names on the notice of the plea of alibi and

the present controversy arises under the latter provision, which has been interpreted as giving the trial court a wide discretion as to the endorsement of additional names. See *State v. Rafferty,* 145 Kan. 795, 800, 67 P. 2d 1111, where it was pointed out the testimony excluded was merely corroborative, and also *State v. Parker,* 166 Kan. 707, 711, 204 P. 2d 584. The trial was commenced on March 14, 1950. On December 7, 1949, appellant, through his counsel, had filed a notice of plea of alibi which listed among others, the name of *Mary* Bond but which did not list the name of *Marva* Bond. The notice also contained a statement "other divers witnesses whose names will be set out on demand." As a result of the state's motion, on January 16, 1950, the trial court ordered that the names of the other witnesses be set forth by January 20, 1950. No additional names were listed. At the trial, appellant offered *Marva* Bond as a witness and the state objected to her being used as an alibi witness because her name was not endorsed on the list of alibi witnesses. Appellant's counsel sought to excuse failure to endorse her name for the reason he had made a mistake and listed *Mary* Bond when he intended to list *Marva* Bond and he asked permission to change the name of *Mary* to *Marva* and that she be permitted to testify. The jury was excused and at such time appellant's counsel made a statement of what Marva Bond would testify and that her testimony would be "practically the same as given by Janet Bond" who had previously testified. The trial court sustained the state's objection and Marva Bond did not testify. Appellant contends the trial court abused its discretion. We do not agree, but even if so the claimed error may not be relied on in this court. On the hearing of the motion for a new trial, appellant made no showing, as required by statute, what Marva Bond would have testified. Under G. S. 1935, 62-1414, new trials in criminal cases may be granted for like causes and under like circumstances as in civil cases. The civil code ( G. S. 1935, 60-3004) provides that where the ground of the motion for a new trial is error in the exclusion of evidence or want of a fair opportunity to produce evidence, such evidence must be produced on the hearing of the motion by affidavit, deposition or oral testimony of the witnesses, and our previous rulings are consistent with the statutory command and that if the statute is not complied with there is nothing open to review. See *State v. Thomas,* 157 Kan. 526, 142 P. 2d 692; *State v. Riner,* 143 Kan. 520, 54 P. 2d 990, and cases cited.

Under the circumstances obtaining appellant is not entitled to be heard.

Appellant's third contention is that the trial court erred in not permitting him to endorse on the list of alibi witnesses the names of three other witnesses which it is said were belatedly discovered. The abstract is silent as to any such request or any ruling. In the assignment of errors it is said these three witnesses would have testified as had two others, but there was no showing made on the hearing of the motion for a new trial. What has been said previously suffices to show there was no error.

A review of the record presented discloses no error and the judgment of the trial court is affirmed.