No. 38,353

STATE OF KANSAS, *Appellee,* v. EDWARD OSBURN, *Appellant.*

(232 P. 2d 451)

Opinion filed June 9, 1951.

*George Francis Burton,* of Parsons, argued the cause and was on the briefs for the appellant.

*Willis K. Dillenberger,* assistant county attorney, argued the cause, and *Oren Gray,* county attorney, and *Harold R. Fatzer,* attorney general, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: Defendant was tried, convicted, and sentenced on two criminal charges of robbery in the first degree, and appeals.

The undisputed facts are that the Cronin Liquor Store, located at 1527 Gabriel in the City of Parsons, was held up and robbed by an individual, armed with a revolver, on May 18, 1950, and again on August 23, 1950. Defendant was arrested and charged with commission of the robberies. In due course he was brought before a magistrate, given a preliminary examination and bound over to the district court. In the district court an information was filed against him charging him in two counts with robbery in the first degree. The record does not disclose but we are told, and therefore assume it to be the fact, that when the case came on for trial in the district court defendant, who was represented by counsel, waived formal arraignment and entered a plea of not guilty. In any event it shows that at that time counsel for both the state and the defendant announced that all parties were ready for trial. Thereafter a jury which had been empaneled and sworn to tried the cause, returned a verdict finding defendant guilty of robbery in the first degree as charged in the information and the trial court, after overruling a motion for new trial, sentenced him to the state penitentiary for the period of time prescribed by law for the commission of such crimes.

In view of the issues raised on appeal nothing would be gained by a detailed recital of the evidence adduced at the trial. For that reason, we turn directly to the errors assigned by appellant as grounds for reversal of the judgment and will refer to portions of the testimony essential to their disposition as they are given consideration.

The first and perhaps the most important error assigned is that the verdict of the jury was based upon insufficient evidence and is contrary to the evidence. With respect to this claim the record discloses that appellant flatly denied that he had been in, was near the vicinity of, or had robbed, the establishment in question on either of the dates set forth in the information. On the other hand one Otto Ader, who was in charge of such establishment on both of the occasions when it was robbed, positively identified appellant

as the person who entered the store on the dates in question and, at the point of a gun, took from him money belonging to his employer amounting to $57.70 on the first occasion and $36.89 on the second. There was little if any other evidence of identification. Notwithstanding the jury saw fit to disbelieve the appellant and give credence to the testimony of the employee of the robbed establishment and the court approved its verdict. In the face of such a record there is no sound ground upon which appellant's contention on this point can be upheld.

This court has long been committed to the rule it is the function of the jury, not that of the court of appellate review, to weigh the evidence and pass upon the credibility of witnesses, and that where there is any substantial competent evidence to support it a verdict will not be disturbed on grounds of insufficiency of the evidence. See *State v. Smith*, 158 Kan. 645, 648, 149 P. 2d 600, and cases there cited, also *State v. Greer*, 163 Kan. 592, 184 P. 2d 991 and *State v. Berry*, 170 Kan. 174, 223 P. 2d 726.

Neither can it be said, as appellant suggests, that the evidence is insufficient simply because the verdict with respect to the identity of an accused, is based upon the testimony of a single witness. In *State v. Whalen*, 163 Kan. 8, 179 P. 2d 942, the defendant was charged with grand larceny and convicted. On appeal to this court one of his claims was that the verdict was not sustained by the evidence because it was based solely upon testimony of the victim, denied by the defendant, to the effect the former looked back over his shoulder and observed his pocketbook which had been in his left hip pocket in the defendant's hand and that later, when seized by the victim, the defendant dropped the pocketbook to the ground. In affirming the judgment we said that such evidence, standing alone, was sufficient to sustain the verdict. Another statement of like import is to be found at page 175 of the opinion in *State v. Berry*, supra.

The next two matters relied on as grounds for reversal of the judgment are raised by several specifications of error. The first of these is that the trial court erred in rulings which permitted the appellee to introduce improper evidence to the prejudice of appellant's rights and the second that it erred in excluding a portion of appellant's evidence necessary to the full and proper presentation of his defense. We shall treat these claims in the order in which they are stated.

The claim erroneous evidence was admitted is based upon the premise appellant, after having taken the stand as a witness in his own defense, was interrogated on cross-examination, regarding the number of times he had been arrested. Specifically the complaint is that the trial court, over objection of his counsel, not only allowed questions of that character to be asked but permitted the answers made thereto to go to the jury. This testimony, it should here be stated, was not admitted until after the trial court had inquired as to the purpose of such interrogatories and had been advised by counsel for the state that the sole purpose thereof was to test the veracity and credibility of the appellant as a witness.

In this jurisdiction there can be no question about the status and rights of a defendant in a criminal action where he elects to take the stand as a witness in his own defense. When he does so he places his character and credibility in issue and, when questioned in good faith, he may be cross-examined with the view of impairing his credibility concerning previous offenses and subjects involving him in degradation and disgrace although they do not pertain to the charge for which he is then on trial. More than that the extent of the cross-examination touching his credibility is a matter which rests in the sound discretion of the trial court and rulings with respect thereto will not be disturbed in the absence of a clear showing that discretion has been abused. Our early decisions establish the foregoing principles beyond all peradventure of doubt but we need not burden this opinion by their citation. They are referred to and relied on in our more recent decisions of *State v. Pfeifer*, 143 Kan. 536, 56 P. 2d 442 and *City of Wichita v. Hibbs*, 158 Kan. 185, 146 P. 2d 397, which reiterate and adhere to such principles as there and here announced.

Appellant does not seem to question the principles of law heretofore announced so much as he does their application. In an attempt to avoid their force and effect he relies on three propositions. First he contends that for purposes of testing his credibility a defendant cannot be interrogated on cross-examination respecting prior arrests. Our decisions are to the contrary. See *State v. Bigler*, 138 Kan. 13, 23 P. 2d 598; *State v. Nossaman*, 120 Kan. 177, 243 Pac. 326; *The State v. Rhoades*, 113 Kan. 455, 215 Pac. 291; *State v. Story*, 144 Kan. 262, 58 P. 2d 1090. All of such decisions contain statements, in one form or another, to the effect that on cross-examination a defendant may be questioned regarding prior arrests and that his answers with

respect thereto are admissible in evidence for what they may be worth in determining his character and credibility.

Next it is argued that even if testimony of a defendant on cross-examination as to prior arrests is admissible it is limited to arrests for felonies only. There is no merit to this contention. The opinions in each of the two cases last cited clearly reveal that a defendant may not only be interrogated on cross-examination regarding prior arrests for misdemeanors but that his admissions concerning such arrests are just as admissible as admissions relating to prior arrests on felony charges.

Finally it is urged the information regarding appellant's previous arrests was elicited and admitted in evidence for the purpose of establishing his guilt as to the offenses charged and not for the purpose of testing his credibility. The answer to this contention is to be found in instruction No. 9 of the trial court which in clear and unequivocal terms instructed the jury that the inquiry as to appellant's prior arrests was permitted not for the purpose of proving the offenses charged but for the sole purpose of testing the veracity and credibility of the appellant as a witness and advised that such testimony should not be considered by it for any other purpose whatsoever. In connection with this last point it is charged that attorneys for the appellee were guilty of misconduct in that they misrepresented their purpose in introducing such evidence. We fail to find anything in the record to sustain this claim. Even so it need not be labored. In view of instruction No. 9, the purpose of the state in procuring admission of such evidence did not result in prejudice to appellant's substantial rights and hence under the statute (G. S. 1949, 62-1718) affords no ground for reversal of the judgment.

Error assigned in the exclusion of testimony is based upon the trial court's refusal to permit appellant to introduce evidence in the nature of an alibi. There are two sound reasons for rejection of appellant's claim the trial court's action in this respect constituted error.

Under our code of criminal procedure (G. S. 1949, 62-1341) the conditions under which an alibi may be proved are set forth and it is provided that a defendant purposing to offer evidence of an alibi must serve a specific notice on the county attorney. It is conceded that was not done. We have held that compliance with the requirements of this section of the statute is a prerequisite to the

admissibility of the testimony of alibi witnesses. See *Burns v. Amrine,* 156 Kan. 83, 121 P. 2d 884 and *State v. Leigh,* 166 Kan. 104, 111, 199 P. 2d 504.

The second reason why this claim of error is not good springs from the fact that the excluded evidence was not offered or brought into the record on the hearing of appellant's motion for a new trial as required by the pertinent statutes, G. S. 1935, 60-3001 to 3004, and 62-1414. The result is there is nothing open to a review under this assignment. See *State v. Thomas,* 157 Kan. 526, 142 P. 2d 692, *State v. Riner,* 143 Kan. 520, 54 P. 2d 990, and cases there cited, also *State v. Berry,* 170 Kan. 174, 176, 223 P. 2d 726.

In conclusion, we are constrained to note a claim advanced by appellant's counsel in oral argument even though it is not actually here for purposes of appellate review because of failure to raise it in the court below. Summarized, it is that appellant did not have a preliminary examination on the charges which were filed against him in district court and on which he was tried and found guilty by the jury, hence the judgment should be reversed. This contention comes too late. Appellant waived arraignment, pleaded not guilty, and went to trial on the information. Thereafter, under our decisions, the subject of preliminary examination (*The State v. Perry,* 102 Kan. 896, 171 Pac. 1150 and *State v. Wallgren,* 144 Kan. 10, 11, 58 P. 2d 74) was no longer material.

We find nothing else of importance in the case. It follows the judgment of the district court must be and it is hereby affirmed.