No. 51,344

State of Kansas, *Appellee,* v. Jefferson W. Sanders, *Appellant.*

(610 P.2d 633)

Opinion filed May 10, 1980.

*Hugh R. McCullough,* of Topeka, argued the cause and was on the brief for the appellant.

*C. William Ossman,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

Miller, J.: This is a direct appeal by Jefferson W. Sanders from his conviction by a jury of rape, K.S.A. 1979 Supp. 21-3502. He contends that the trial court erred in failing to accept the jury announcement that it was deadlocked and in holding hearings and conducting proceedings when defendant was not personally present; that the State's failure to disclose exculpatory evidence to the defense was prejudicial error; and that the evidence was insufficient to sustain the conviction.

The jury retired for deliberation before noon on Friday, March 23, 1979. At approximately 5 o'clock p.m., the judge had the jury returned to the courtroom. The jury had reached a verdict on Count I (which later turned out to be a not guilty verdict on a charge with which we are not here concerned), but it had not reached a decision as to Count II, the rape charge. The judge then

asked the jurors if further deliberation would be useful, and suggested that perhaps with a weekend's rest and a chance to reflect, they might come back on Monday and find that they could agree. After some discussion with the foreman, the judge let the jurors return to the jury room to consider the matter. In a few minutes they returned, and the foreman announced that the jurors would like to come back on Monday morning. The jury was then recessed until Monday morning. It resumed its deliberations at 9 o'clock that morning, and returned a verdict of guilty on the rape charge at 11:30 o'clock a.m.

We have reviewed the record of these proceedings carefully, and hold that the trial judge did not coerce the jury and he did not abuse his discretion in the least in inquiring as to the desires of the jury and in complying with the expressed wishes and desires of that body. The primary case upon which defendant relies, *State v. Green*, 254 Iowa 1379, 121 N.W.2d 89 (1963), is one in which a deadlocked jury was required to deliberate continuously for some 27 hours, until a verdict was reached. There was no coercion of that nature in the matter at hand, and that decision is not persuasive. Under the circumstances here, the court did not abuse its discretion in failing to find that the jury was deadlocked after its first few hours of deliberation.

Defendant complains of two conferences between court and counsel at which he was not present. The first was immediately following voir dire and considered motions in limine concerning the admissibility of the record of defendant's prior conviction and the admissibility of evidence of the victim's prior sexual activity. See K.S.A. 60-447a. Evidence of defendant's prior conviction was not offered or received in evidence during the trial. As to the evidence of the victim's alleged prior sex acts, the court ruled that no such evidence would be admitted until the affidavit mandated by K.S.A. 60-447a(1) was furnished. No such affidavit was forthcoming.

K.S.A. 22-3405 provides that the defendant in a felony case shall be present "at every stage of the trial." We have construed this section of the statute to require defendant's presence at all times when the jury is present or at other proceedings where "[defendant's] presence is essential to a fair and just determination of a substantial issue." *State v. Mantz*, 222 Kan. 453, 463, 565 P.2d 612 (1977); *State v. Sandstrom*, 225 Kan. 717, 595 P.2d 324,

894

*cert. denied* 444 U.S. 942, November 5, 1979. Proceedings involving only matters of law are not included. *Mantz,* 222 Kan. at 463. The in-chambers conference on the motions in limine was not crucial, considered only matters of law, and defendant was not prejudiced because of his absence. The evidence of the defendant's prior conviction, which the State wished to offer, was not introduced. The matter of the admissibility of the victim's prior sex acts was already controlled by statute, and no attempt was made to comply or to offer any such evidence. Defense counsel stated later that he knew of allegations that the prosecutrix had been a prostitute, but he was unable to secure any testimony to that effect.

The second conference complained of was one at which jury instructions were considered. The record discloses that defendant was personally present at that time, and that issue was withdrawn on oral argument.

The "exculpatory evidence" which the defendant claims the prosecution withheld consists of (1) evidence that the prosecutrix was formerly a prostitute, and (2) evidence that results of tests taken disclosed that the prosecutrix tested positively for gonorrhea and the defendant tested negatively.

As to the former, there is no indication that the prosecutrix was ever charged with or convicted of prostitution. There is no showing that the prosecutor knew of such evidence, or withheld it, or that it existed. The prosecutor recalls hearing that the prosecutrix had been a prostitute during her early teens, but says that to the best of his recollection he heard this after the trial of the case. The claim that such evidence was withheld is thus without merit; the defense already knew as much in this regard as the prosecution.

The fact that tests for venereal disease were taken was disclosed to defense counsel, and the fact that the prosecutrix tested positive for gonorrhea was disclosed to defendant's original attorney; trial counsel was not made aware of the test results. There was no issue, however, as to the fact that sexual intercourse took place between the prosecutrix and the defendant; he admitted that fact to arresting officers and again during his trial testimony. The sole issue was consent. The test results were thus immaterial. Under the circumstances we find no error.

Finally, defendant contends that the evidence is insufficient to

support the conviction. The test of the sufficiency of the evidence is set forth in *State v. Voiles,* 226 Kan. 469, Syl. ¶6, 601 P.2d 1121 (1979):

"In a criminal action where the defendant contends the evidence at trial was insufficient to sustain a conviction, the standard of review on appeal is: Does the evidence when viewed in the light most favorable to the prosecution convince the appellate court that a rational factfinder could have found the defendant guilty beyond a reasonable doubt? Following *Jackson v. Virginia,* 443 U.S. 307, 61 L.Ed.2d 560, 99 S.Ct. 2781 (1979)."

Rape is the act of sexual intercourse committed by a man with a woman not his wife, and without her consent, when her resistance is overcome by force or fear. K.S.A. 1979 Supp. 21-3502. Here the act of sexual intercourse was admitted. The parties were not married; the victim's testimony in this regard is not challenged. The victim testified that the defendant struck her repeatedly, twisted her arm, forced her to go with him to the bedroom, threatened to beat her and to kill her, and twice forced her to have intercourse with him. The testimony of the victim establishes all of the elements of the offense and, if believed, is adequate to support the conviction.

The testimony of the prosecutrix need not be corroborated to sustain a conviction for rape in this state. In *State v. Brown,* 85 Kan. 418, 116 Pac. 508 (1911), Chief Justice Johnston said:

"Under the common law evidence corroborating that of the prosecutrix was not essential to a conviction. In some states it is expressly provided by statute that the defendant can not be convicted unless the prosecutrix is corroborated by other evidence tending to connect the defendant with the commission of the offense. No such statute has been enacted in this state, and it has already been held that, in the absence of a statute, there may be a conviction on the uncorroborated evidence of the prosecutrix if it is believed by the jury. (*The State v. Tinkler,* 72 Kan. 262.)" (p. 421.)

This rule has been followed in our later cases. See *State v. Orth,* 101 Kan. 183, 165 Pac. 652 (1917); *State v. Wilhelm,* 112 Kan. 236, 237, 210 Pac. 347 (1922); *State v. Thompson,* 166 Kan. 466, 201 P.2d 630 (1949); *State v. Morgan,* 207 Kan. 581, 485 P.2d 1371 (1971); *State v. Robinson,* 219 Kan. 218, 220, 547 P.2d 335 (1976); and see PIK Crim. 57.04.

It is true that there were inconsistencies in the evidence. The victim testified that she was beaten, yet no bruises were found on her person upon medical examination the following day, and none were observed by her friends. Her testimony was inconsis-

tent in many ways with that of other witnesses. Yet the crucial issue—whether the act was accomplished by mutual consent or against the victim's will by force and fear—had to be determined by the jury on the basis of the testimony of the prosecutrix and the defendant. The jury found her testimony believable and rejected defendant's version. The function of this court is not to weigh the evidence, but to determine whether upon the evidence introduced a rational factfinder could have found guilt beyond a reasonable doubt. We conclude that the evidence was sufficient.

The judgment is affirmed.

HERD, J., dissenting: I don't believe a rational factfinder viewing the evidence in the light most favorable to the prosecution could have found the defendant guilty of rape beyond a reasonable doubt. The facts reveal the defendant met prosecutrix at an after hours party and gambling establishment in East Topeka. He offered to take her home as she had no transportation of her own. The two had been engaged in smoking marijuana in the party house. A taxicab was called and defendant and prosecutrix left together. The defendant and prosecutrix willingly went to defendant's house, which was also occupied by defendant's father. They then engaged in sexual intercourse. The prosecutrix claims she was forced to submit by threats and that she was beaten by defendant. An examination at the hospital revealed no evidence of physical abuse.

The prosecutrix testified she left the defendant's house late that night and went to her home and went to bed and awoke the next day between 10:00 and 11:30 a.m., and after discussing the events of the previous night with a friend she decided to call the police and report she had been raped.

That uncorroborated testimony taken in its most favorable light to the prosecution is not convincing.

SCHROEDER, C.J., and HOLMES, J., join in the foregoing dissenting opinion.